Commonwealth Appeal.
(In the Matter of Miller).

48

Argued September 14, 1966. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*Arlen Specter,* District Attorney, with him *Alan J. Davis,* Assistant District Attorney, and *Richard A. Sprague,* First Assistant District Attorney, for Commonwealth, appellant.

*Lois G. Forer,* Assistant Defender, with her *Vincent J. Ziccardi,* Acting First Assistant Defender, and *Herman I. Pollock,* Defender, for appellee.

*Raymond K. Denworth, Jr.,* with him *Lisa A. Richette, Thomas B. Harvey, Jr.* and *Julian E. Goldberg,* for amicus curiae.

OPINION BY WRIGHT, J., November 17, 1966:

This is an appeal by the Commonwealth from an order of the County Court of Philadelphia, Juvenile

Division, entered June 24, 1966, discharging Ronald Miller from the State Correctional Institution at Dallas. We will briefly summarize the factual and procedural history.

Ronald Miller was born August 5, 1948. He was adjudicated delinquent on June 6, 1956, on a charge of larceny, and was committed to the Youth Study Center. On July 13, 1956, Ronald was placed on probation in his mother's custody. On March 2, 1959, Ronald was adjudicated delinquent on a charge of larceny and again committed to the Youth Study Center. Following the filing of an appropriate petition, Ronald was committed to Allentown State Hospital where he spent almost two years. He was ultimately placed by the hospital in Wylie House, Bethlehem, to live as an out patient. In the summer of 1962 Ronald ran away from Wylie House and returned to Philadelphia. Shortly thereafter he was charged with burglary and assault and battery. On August 21, 1962, he was again committed to the Youth Study Center. On October 6, 1962, he escaped. On October 24, 1962, he was returned on charges of attempted highway robbery, assault and battery, and runaway. After neuro-psychiatric and psychological examinations, Ronald was committed to Dallas by order of Judge STOUT, August 5, 1963, under Section 3 of the Act of May 25, 1937, P. L. 808, 61 P.S. 541-3, as supplemented by Section 3 of the Act of July 29, 1953, P. L. 1440, 61 P.S. 542.3.

Commencing in May 1966, a series of hearings took place in the court below to determine whether persons theretofore committed to Dallas should be released. One such hearing, scheduled as the result of a letter from Ronald Miller and without formal petition of any kind, took place on June 24, 1966. At this hearing Rose K. Landy, Esquire, appeared for the American Civil Liberties Union. Also present at the hearing was Ronald's mother, who had recently been released, Janu-

ary 19, 1966, from the State Correctional Institution at Muncy. The hearing judge had previously received from the district attorney a general letter and memorandum requesting the adoption of certain safeguard procedures as a condition precedent to the entry of release orders. With respect to the case of Ronald Miller in particular, the hearing judge had received a letter from the superintendent at Dallas, wherein immediate release of Ronald Miller was not recommended. The hearing judge had also received the report of a reexamination, June 23, 1966, by Dr. Frignito of the court's neuro-psychiatric division concluding with the following statement: "If this boy is to be released he will need close supervision and guidance".

The transcript of the proceeding on June 24, 1966, reveals that it was the original impression of the hearing judge that it would be "very dangerous" to place Ronald in the home of his mother, "this unfortunate woman with five children born of different fathers and no husband". However, at the mother's insistence, Ronald was released on probation in her custody. According to the Commonwealth's brief, Ronald was arrested on July 17, 1966, for attempted rape and indecent assault. Admitted to bail on this charge, Ronald was shortly thereafter arrested for shoplifting. We have now been informed that, on October 24, 1966, the hearing judge revoked Ronald's probation and ordered that he be returned to Dallas.

This appeal was intended as test litigation concerning the legality of release procedure in cases involving mental defectives. It has been ably argued and briefed, not only on behalf of the Commonwealth, but also by the Community Legal Services, Inc., representing Ronald Miller, and by counsel for the Greater Philadelphia Branch of the American Civil Liberties Union, amicus curiae. A number of interesting issues have been raised.

We are not in accord with the contentions advanced in the motion to dismiss (a) that the district attorney has no standing to take this appeal; and (b) that in any event the appeal does not lie in the Superior Court. The general duties of the district attorney are set forth in Section 1402 of The County Code, Act of August 9, 1955, P. L. 323, 16 P.S. 1402. It is our view that one of the duties necessarily implied is to represent the Commonwealth generally in the administration of justice in the juvenile court, and specifically with respect to the discharge of inmates from state correctional institutions. That appeals in matters of this nature should be taken to the Superior Court is evident from the language of Section 16 of The Juvenile Court Law, Act of June 2, 1933, P. L. 1433, 11 P.S. 258, and also from the legislative mandate in the Act of March 2, 1923, P. L. 3, 17 P.S. 187. Alternately, if the proceeding in the court below is viewed as on petition for a writ of habeas corpus, the order of discharge is appealable by the Commonwealth to the Superior Court under Section 7 of the Act of May 25, 1951, P. L. 415, 12 P.S. 1907.

Although it is our view, as just indicated, that the instant appeal may not be dismissed on the grounds set forth in the motion filed, we have concluded that a dismissal of the appeal is required for a different reason. As a consequence of the fact that Ronald Miller's probation has been revoked and he has been returned to Dallas, this case has become moot.

Appeal dismissed.

---

Opinion by Hoffman, J., concurring in the result:

This appeal must be dismissed for mootness. Since no adjudication we make today will affect Ronald Miller's substantive rights, it is inappropriate to decide at

this time whether the district attorney has standing to take this appeal or whether the appeal properly lies in this Court.

JACOBS, J., joins in this concurring opinion.