Commonwealth ex rel. Watson, Appellant, *v.* Montone.
Commonwealth ex rel. Johnson, Appellant, *v.* Montone.

Submitted June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Earle D. Lees,* Assistant Defender, *Michael L. Levy,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellants.

*Lewis P. Mitrano, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellees.

OPINION BY SPAETH, J., April 3, 1974:

Two appeals are before the court, each by a juvenile, and each from the denial of a petition for writ of habeas corpus. They must be quashed.

Under the Juvenile Act, Act of December 6, 1972, P. L. 1464, No. 333, §1 *et seq.,* 11 P.S. §§50-101 to 103, 50-201, 50-301 to 335, if the proper authorities conclude that a child accused of an offense should be confined rather than sent home until notified to appear, a petition is presented to the court and within 72 hours an informal detention hearing is held. §15, 11 P.S. §50-312.

If the court decides that the child should be kept in custody, it "shall fix a time" for an adjudicatory hearing, which, "if the child is in detention, shall not be later than ten days after the filing of the petition." §18(a), 11 P.S. §50-315(a). "If the hearing is not held within such time, the child shall be immediately released from detention." *Id.*

Appellants, having been kept in custody, were brought before The Honorable Harvey N. SCHMIDT for an adjudicatory hearing on March 30, 1973. This was within ten days of their informal detention hearing. The Commonwealth, however, requested and was granted a continuance. Since the continuance delayed the adjudicatory hearing beyond the ten day period specified by §18(a), 11 P.S. §50-315(a), counsel for appellants sought their immediate release, first by oral request and then by petitions for writ of habeas corpus. When both requests were denied, counsel filed an appeal with this court and requested a supersedeas. Before the supersedeas could be acted upon, appellants were brought before The Honorable Paul A. TRANCHITELLA. The Commonwealth was again not ready to proceed. Judge TRANCHITELLA thereupon released one of appellants (he was eventually placed on probation); the other appellant was detained but only because other charges were outstanding against him. On April 16, 1973, this court refused appellants' petition for supersedeas.

"The existence of an actual controversy is an essential to appellate jurisdiction." *Commonwealth ex rel. Ogden v. Cairns,* 48 Pa. Superior Ct. 265, 266 (1911). For this reason, "if pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief the appeal will be dismissed." *Reichard's License,* 45 Pa. Superior Ct. 606, 607 (1911). In the present case such an event has occurred. Appellants assert that under §18(a), 11 P.S. §50-315(a),

they were entitled on March 30, 1973, to "be immediately released from detention." However, they have been released: one is on probation, and although the other is in detention, that is on other charges. Appellants' assertion regarding §18(a) therefore presents an issue upon which no relief can be granted. *Commonwealth ex rel. Bittner v. Price*, 428 Pa. 5, 6, 235 A. 2d 357, 358 (1967) (ROBERTS, J., concurring).

It is true that our Supreme Court has on occasion departed from the practice of refusing to decide a moot question, but only in one of two situations.*

The first situation in which the Supreme Court has decided a moot question is in those "very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved." *Wortex Mills v. Textile Workers Union*, 369 Pa. 359, 370, 85 A. 2d 851, 857 (1952). The court has, however,

---

* A special third situation may arise in criminal appeals. In *Commonwealth v. Walker*, 447 Pa. 146, 288 A. 2d 741 (1972), the court affirmed the murder conviction of a man who died while his appeal was pending. In denying the requests of the petitioner's attorney and of the Commonwealth that the appeal be dismissed, the court said: "We today reject both motions, believing instead that it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process." *Id.* at 147-148 n.1, 288 A. 2d at 742. The court neither stated nor suggested that "exceptional circumstances" or a question of "public importance" required it to decide the case. *See also Commonwealth v. Culpepper*, 221 Pa. Superior Ct. 472, 293 A. 2d 122 (1972) (following *Walker*). In *Commonwealth v. Palmer*, 221 Pa. Superior Ct. 439, 292 A. 2d 428 (1972), this court distinguished *Walker* as applicable where an appellant challenges his conviction but not where he attacks his sentence. Assuming that *Walker* states a rule applicable beyond situations where an appellant in a criminal case has died, nevertheless, since the present appeals deal with proceedings prior to a final determination, they are closer to the situation in *Palmer* than to that in *Walker*.

added a *caveat* instructing that its decision in such a case "must not be regarded as a precedent for the determination of such questions in the future." *Brown v. Leib,* 267 Pa. 24, 26, 110 A. 463, 464 (1920). Here, the only reason to reach the question argued by appellants would be to affect the cases of other young people who may be detained in violation of the ten day rule provided by §18(a) of the Juvenile Act, 11 P.S. §50-315(a). If our decision were "not [to] be regarded as a precedent" in such other cases, it would serve no purpose.

The second situation in which the Supreme Court has decided a moot question is when the question raised is a necessarily recurring one. *Werner v. King,* 310 Pa. 120, 164 A. 918 (1933) (issue concerned duty that public official had to perform every year). The record does not disclose such a question in the present case.[*]

Apart from the question of what has been the Supreme Court's practice, this court has consistently declined to render decisions where the issue raised is moot. *See, e.g., In re Miller,* 209 Pa. Superior Ct. 47, 224 A. 2d 89 (1966) (appeal held moot in test litigation involving important question of release procedures for mental defectives) ; *distinguish Commonwealth v. Guardiani,* 226 Pa. Superior Ct. 435, 310 A. 2d 422 (1973) (refusal to quash appeal as moot on petition of appellant where question had been briefed and argued).

Appellants have argued nevertheless that we should depart from our past practice because this case involves an issue "capable of repetition, yet evading review." *Roe*

---

[*] By letter of July 24, 1973, appellants' counsel has written this court regarding other juvenile detention cases, which counsel characterizes as "three examples of a continuing pattern of the disregard of the ten day rule [provided by §18(a)] of the Juvenile Act." We cannot consider such a statement, for the facts of the cases described are not properly before us. In any event, the letter is insufficient to demonstrate the existence of a necessarily recurring question.

*v. Wade,* 410 U.S. 113, 125 (1973). However, while it may be granted that given the speed with which juvenile cases are usually handled, the issue may never be properly before us on appeal, it does not follow that we shall never be able to decide it. This court has original jurisdiction "in actions of mandamus and prohibition to courts of inferior jurisdiction where such actions are ancillary to matters within [our] appellate jurisdiction . . . ." Appellate Jurisdiction Act of 1970, July 31, 1970, P. L. 673, No. 223, Art. III, §301, 17 P.S. §211.301. If a judge of a Court of Common Pleas disregards §18(a) of the Juvenile Act, 11 P.S. §50-315(a), a writ of prohibition may be requested. " 'The object of the writ [is to ensure] . . . that every tribunal . . . be confined strictly to the exercise of [its] powers . . . .' " *McNair's Petition,* 324 Pa. 48, 64, 187 A. 498, 505-06 (1936). "Such a writ is proper not only wherever a court acts outside its jurisdiction but also where there is an abuse of jurisdiction." *Id.* "[I]ts purpose . . . is not to pass upon the rights of litigants, but to control and manage the inferior court itself and prevent it from usurping jurisdictions and powers which it does not constitutionally and legally possess." *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 100, 61 A. 2d 426, 429 (1948). Because the writ is ancillary to and "a means by which a court protects its appellate jurisdiction", *id.,* the power to issue the writ extends to cases within the appellate jurisdiction even though no appeal has been perfected. *Id.* at 101, 61 A. 2d at 429.

The appeals are quashed.

CERCONE, J., concurs in the result.