449 A.2d 748

## BURNS INTERNATIONAL SECURITY SERVICES, INC.

v.

## POWER PLANT POLICE AND SECURITY OFFICERS, LOCAL 1, Affiliated With Federation of Special Police and Law Enforcement Officers, and Herman Jaffee, Business Agent, Richard L. Pfeiffer, Richard O. Dallas, Bradley Warner and Harry Morningstar, as Members and Individually, and John Doe and Jane Doe, Being All the Persons Who Are Employed By or With Burns International Security Services, Inc. at Philadelphia Electric Company's Peach Bottom Plant, Appellants.

Superior Court of Pennsylvania.

Argued March 23, 1982.

Filed Aug. 20, 1982.

Charles W. Johnston, Jr., Harrisburg, for appellants.

Gordon A. Roe, York, for appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

PER CURIAM:

These are appeals from orders issuing and continuing in full force and effect, an injunction against appellants arising from a labor dispute.

This case arose out of a strike, beginning on April 30, 1981, by appellants against appellee at the Peach Bottom Atomic Power Plant in York County, Pennsylvania.[1] On May 1, 1981, a Friday evening, appellee sought and obtained an *ex parte* preliminary injunction enjoining mass picketing at Peach Bottom and scheduling a hearing for May 6. Pickets were limited to three at the Atom Road entrance to the plant, the entrance designated for use by appellee's employees. Appellee's complaint, dated May 1, 1981, was actually filed on the following Monday, May 4. The complaint alleged that mass picketing by appellants had blocked both entrances to Peach Bottom, preventing ingress and egress from the plant and endangering the safety of employees at the plant and of residents in the surrounding area. Attached to the complaint were affidavits of several plant employees stating that they had been threatened by large groups of pickets and had been prevented from entering the plant.

On May 5, 1981, appellants petitioned for removal to Federal District Court. On May 6, the Federal Court remanded the case to the Court of Common Pleas of York County. On that same date, the Court of Common Pleas continued its prior injunction and set May 11, 1981, as the new hearing date.

At that hearing, five witnesses testified for appellee. After the hearing, the court ordered the injunction continued until further order of court. This appeal followed.

At oral argument, all parties agreed that the labor dispute in this case had been settled and the strikers were back at work. Therefore, we note that this appeal is now moot. *Epstein v. Pincus*, 449 Pa. 191, 296 A.2d 763 (1972). "No

---

1. The Peach Bottom Atomic Power Plant is owned by the Philadelphia Electric Company. Appellee supplies by contract security guards for Peach Bottom.

purpose is presently served by passing upon the legitimacy of orders that at this point have no legal force and effect." *Pa. Coal Min. Ass'n v. Commonwealth, etc.,* 498 Pa. 1, 444 A.2d 637 (1982). This is not a situation involving a substantial question which is likely to be repeated unless settled as was the situation in *Colonial Nursing Home, Inc. v. Bachman,* 473 Pa. 56, 373 A.2d 748 (1977). See also *Janet D. v. Carros,* 240 Pa.Super. 291, 307–312, 362 A.2d 1060, 1068–1070 (1976), and *Com. ex rel. Watson v. Montone,* 227 Pa.Super. 541, 323 A.2d 763 (1974).

Appeal quashed.