466 A.2d 679

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

v.

ZION AND KLEIN, P.A. and Benson Zion, Ind. t/a Benson Zion and Associates, Appellants.

Superior Court of Pennsylvania.

Argued March 23, 1983.

Filed Oct. 7, 1983.

Edward J. O'Brien, Haverford, for appellants.

Robert E. Slota, Bryn Mawr, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This is an appeal from an order of court disposing of a Writ of Certiorari from a judgment entered by a district justice. American Mutual Insurance Company (hereafter referred to as landlord) had filed a complaint against appellants-tenants seeking possession of, and damages arising from, a leasehold owned by landlord and occupied by the tenants. The record of the proceedings, both before the district justice and the court of common pleas, is incomplete as various documents are missing.[1] Nonetheless, we may dispose of this appeal.

The district justice found in favor of the landlord. The written notice of the judgment rendered and received by the tenants indicated that the verdict was in favor of the landlord both as to possession and damages. Another copy of the notice has the award of damage, and two of the named defendants struck out.[2] Tenants timely praeciped for a Writ of Certiorari pursuant to Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings before District Justice, No. 1009. The writ alleged that the damages sought exceeded the jurisdictional limits; that no claim existed against two of the defendants; and that the procedure was grossly irregular.

1. Appellants' brief contains a number of the alleged missing documents. It is their contention that the landlord obstructed their attempts to complete the record. We must note that this dispute has been apparently the center of an on-going legal joust between the parties.

2. The district justice's return to the court showed judgment for landlord and a dash in the space where the amount of damages was to be indicated. Appellants have reproduced another copy of the return indicating that judgment was against only the professional association and that the claim for damages was withdrawn without prejudice.

The certiorari court found that since the claim for damages had been withdrawn and tenants had surrendered the premises, the writ was moot as the sole claim had been resolved. In an attempt to make it "abundantly clear ... that no money damages had been adjudicated; the Court's Order attempted to clarify the situation by unequivocally stating that any judgment as to money damages was to be stricken." Opinion, p. 2.

Appellants argue on appeal that there was no basis in the record, except for unsworn statements, for the court's finding that the claim for damages had been withdrawn. Additionally, tenants contend that the surrender of the premises was not amicable but a result of "legal duress". We find that appellants' own pleadings belie such claims. In a petition filed below, pursuant to Rule 1013(B), Pa.R.C. P.D.J., requesting allowance to pay rent into escrow, tenants averred that they had made arrangements to leave the premises. The petition predated both landlord's letter, which is claimed to have intimidated appellants, and the alleged oral order setting a deadline for surrender of possession. The petition further averred that the written notice of judgment received (for both possession and damages) was contrary to the judgment announced at the hearing. Furthermore, in a memorandum filed below, tenants stated that landlord's attorney proposed at the time of the hearing to limit the district justice's hearing to the question of possession. In light of the above, we find that the record supports the finding that the writ was limited to possession and such had been made moot by tenant's surrender of the premises.

Appellants attempt to avoid this finding of mootness by contending that the dispute has not been resolved because the tenants have a right to pursue a cause of action against the landlord for damages.[3] They argue that they were unable to pursue a counterclaim since it would have exceed-

3. In particular, tenants refer to an action for wrongful use of civil proceedings, 42 Pa.C.S.A. § 8351. They then note that to support such cause of action a favorable completion of the case is required.

ed the district justice's jurisdictional limit and it could not have been raised in a motion to open or strike.

We are unpersuaded.

In *Graziano Const. Co., Inc. v. Lee*, 298 Pa.Super. 311, 317, 444 A.2d 1190, 1193 (1980) we reiterated the well established principal that:

> [w]e cannot enter judgments or decrees to which effect cannot be given. *Winston v. Ladner*, 264 Pa. 548, 108 A. 22; *Com. ex rel. v. Lawler*, 343 Pa. 353, 22 A.2d 900. The rule is that where ... pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. *Com. ex rel. v. Cairns*, 48 Pa.Superior Ct. 265; *Reichard's License*, 45 Pa.Superior Ct. 606; *Mills v. Green*, 159 U.S. 651, 16 Ct. 132 [40 L.Ed. 293].

(Citations omitted) (Brackets in original.) Appellants' claims do not change the fact that the only issue before the trial court was whether it should set aside the judgment awarding landlord possession. See, Pa.R.C.P.D.J. No. 1014. Once the court found that possession had been given up, no purpose could be served in passing upon the correctness of the proceedings before the district justice. *Pa. Coal Min. Ass'n. v. Commonwealth, etc.*, 498 Pa. 1, 4, 444 A.2d 637, 638 (1982); *Burns Intern., etc. v. Power Plant, etc.*, 303 Pa.Super. 401, 402, 449 A.2d 748, 749 (1982).

Appellants' case does not fall into the exception that a moot case will not be dismissed where issues raised are of a recurring nature, capable of repeatedly avoiding review and are of great public importance. See *Graziano Const., supra.* However, appellants attempt to bring this case within the scope of *Atlantic Inland, Inc. v. Township of Bensalem*, 39 Pa.Commw. 180, 394 A.2d 1335 (1978), which they contend stands for the proposition that where a major issue of a case becomes moot, the case will not be dismissed where a question of damages remains and there is "a continuing legal issue if the conduct became involved in further or other proceedings." Appellants' brief p. 18. See also, *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n,*

439 Pa. 444, 266 A.2d 648 (1970) (issue of damage remained).

Appellants' appeal does not fall into the scope of *Atlantic Inland*. That case held that where an issue of damages remained, dismissal was improper. As to the second holding *attributed to such case by appellant*, it is nothing more than a confusing interpretation of the rule that where conduct could be resumed upon dismissal and the issue is of a recurring nature of public interest, then the action should not be dismissed. Contrary to appellants' belief, there is no remaining issue of damages in this action; appellants await a favorable opinion of this court to support a collateral action. They argue that we should review the case on its merits so that a damage claim may follow.[4] We do not accept such convoluted reasoning; moreover, having failed to raise and preserve a counterclaim to the initial suit, appellants cannot now complain that one is not preserved.[5]

The current appeal is controlled by *Pa. Coal Min. Ass'n., supra; Burns Intern. supra;* and *Commonwealth v. One 1978 Lincoln Mark V,* 52 Pa.Commw. 353, 415 A.2d 1000 (1980). The sole issue, possession, having been settled prior to this decision there is no controversy in which we may intervene. Any discussion of either the substantive or procedural issues raised would be purely academic and advisory.[6]

Appeal dismissed.

POPOVICH, J., filed a dissenting opinion.

POPOVICH, Judge, dissenting:

To the extent that the Majority's ruling could be interpreted as precluding an aggrieved party/tenant from suing

4. Appellants also overlook the fact that under Rule 1014(A) if the court decides to set aside a judgment, such relief is without prejudice.

5. We remained unpersuaded that appellants were without a means of raising a counterclaim.

6. We do not mean to condone deviation from the rules pertaining to matters originating before district justices.

for "possession" of property relinquished because of "harassment" or "duress" on the part of a landlord, and, thus, effectively foreclosing his/her ability to sue for "damages" as a result thereof, I dissent.

Just as in a debtor/creditor relationship the fact that the amount owed is paid under protest does not foreclose a suit for the recoupment of the amount paid and any damages arising therefrom, likewise a tenant should not be hindered from seeking compensation in the form of damages resulting from loss of possession of property proven to be unlawfully accomplished by a landlord.