471 A.2d 107

**Robert T. RUSBARSKY, a Minor, By his Parent and Natural Guardian, Andrew V. RUSBARSKY, Appellant**

v.

**Joseph V. ROCK.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1983.

Filed Jan. 27, 1984.

William S. Hays, Pittsburgh, for appellant.

Raymond J. Seals, Pittsburgh, for appellee.

Before CAVANAUGH, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

This appeal is from an order of the Court of Common Pleas, Allegheny County, entered April 27, 1982, denying appellant's petition for reconsideration of a rule to show cause. Appellant requests the rule in order to supplement a release within a previously settled trespass action to reflect the true intention of the parties. The appellee joins with the appellant in this matter. The lower court denied the petition on the basis that the relief sought was to be instituted in equity. The appellant alleges error. We affirm.

On July 5, 1971, Robert T. Rusbarsky was seriously injured in a boat operated by appellee Joseph Rock. On August 20, 1971, appellant filed a complaint and petition for leave to settle, seeking and obtaining court approval of his claim against appellee in the amount of $100,000. Pursuant to the settlement and prior to receiving the aforementioned sum, appellant signed a receipt, release and discharge, the operative language of which included:

> ... (Plaintiffs) do hereby remise, release, quit claim and forever discharge the said JOSEPH V. ROCK, INSURANCE COMPANY OF NORTH AMERICA, AND ALL OTHER PERSONS, FIRMS, PARTNERSHIPS AND CORPORATIONS which are or might be claimed to be

liable to (Plaintiffs), of and from all liability claims and demands of every name and nature ...

On June 30, 1973, appellant filed a suit in the Court of Common Pleas, Beaver County, against his attending physicians and hospital, alleging malpractice in the treatment of his injuries. The defendants pleaded the release as a bar to appellant's claim, the result of which is still pending.

On September 18, 1981, the appellant petitioned the court for a rule to show cause why the signed release should not be amended, specifically limiting the applicability of the release to the appellee and appellee's insurance company. The court denied appellant's petition on the basis that the relief sought was a reformation of contract, an action to be instituted in equity.

After several intervening procedures, appellant filed a petition for reconsideration. The appellee joined in the petition, admitting the averments set forth by the appellant and requesting amendment of the release. On April 27, 1982, the lower court denied the petition.

On appeal, the appellant contends that the petition for a rule to show cause was a proper procedure by which to amend the previously signed release. Appellant claims that such a petition is auxiliary to the original trespass action over which the court had jurisdiction. Appellant also contends that should the procedure be improper, the failure of the appellee to object preliminarily constitutes an irrevocable waiver of the error. We disagree.

A rule to show cause is one that is made ex parte, directing an adverse party to show cause why an action should not be taken. The rule is not, except by statute, a proper substitute for original process, but is auxiliary. *Commonwealth Department of Public Welfare v. Livingood*, 22 Pa.Cmwlth. 530, 349 A.2d 816 (1976). Additionally, the rule must be based upon a real controversy, pertinent to the case in question which, when judicially determined, will have controlling force with respect to the subject matter involved. *Petition of Malick*, 133 Pa.Super. 53, 1 A.2d 550 (1938).

In the instant case, the settlement between the parties remains undisputed. Appellant is only seeking to limit the applicability of the release signed pursuant to the settlement. This, in essence, is a reformation of the contract, and as the lower court stated, an action to be instituted in equity. *McWilliams v. McAbe*, 406 Pa. 644, 179 A.2d 222 (1962); *Alderfer v. Pendergraft*, 302 Pa.Super. 210, 448 A.2d 601 (1982). Since appellant's rule to show cause has no basis in actual controversy, what the appellant is seeking is, in effect, an adjudication of his possible rights in the future against other parties, a decision which the courts will not render. *Com. ex rel. Watson v. Montone*, 227 Pa.Super. 541, 323 A.2d 763 (1974). The aforementioned defects in appellant's petition for a rule to show cause cannot be waived by a failure on the part of the appellee to make preliminary objections.

Order affirmed.

CAVANAUGH, J., concurs in the result.