## Fordyce v. Transguard Insurance Co. of America Inc.

*Donald J. McCue,* for plaintiff.

*Robert J. Pasquarelli,* for defendant Transguard Insurance Co. of America Inc.

WAGNER, *J.,* August 9, 1991—This matter is before the court on plaintiff's preliminary objections to defendant's answer and new matter, and defendant's preliminary objections to plaintiff's preliminary objections. All preliminary objections are in the form of a motion to strike for failing to conform to a rule or law.

The plaintiff, Ernest Fordyce, initiated this civil action against defendants, Transguard Insurance Company of America Inc., Vanguard Insurance Agency Inc. and Houston Casualty Company as a result of injuries received in a motor vehicle accident on July 1, 1989. On November 15, 1990, this case was heard before a common law arbitration panel. At the arbitration hearing, the plaintiff and the defendant, Transguard Insurance Company of America Inc. (hereinafter referred to as Transguard) were represented by counsel. Thereafter, on December 5, 1990, the majority of arbitrators

entered a decision for the plaintiff and against Transguard. No appeal was taken by Transguard.

Subsequently, on March 11, 1991, the plaintiff filed a petition to enter judgment on the arbitration award. Thereafter on March 21, 1991, a rule to show cause why judgment should not be entered was filed against the defendant. New counsel representing Transguard filed an answer and new matter on May 8, 1991. On May 23, 1991, a hearing on the rule was continued generally in order to dispose of the preliminary objections of the plaintiff and the defendant, Transguard. These preliminary objections are now presently before us.

The plaintiff raises the following preliminary objections in the form of a motion to strike: (1) that defendant's answer and new matter were not timely filed in accordance with Pa.R.C.P. 1026(b); (2) that defendant failed to verify the answer and new matter as required by Pa.R.C.P. 1024;[1] and (3) that defendant's answer raises a collateral attack upon the arbitration award, and raises issues pertaining to the arbitration hearing. The defendant raises the preliminary objections that the averments in paragraphs six and seven of plaintiff's preliminary objections are affirmative defenses which cannot be raised by preliminary objections.

Initially, we note that preliminary objections admit as true only facts that are well pleaded, material and relevant, and preliminary objections will be sustained only if clear and free from doubt. *Tiage Inc. v. Penn-DOT*, 113 Pa. Commw. 348, 354, 537 A.2d 903, 907, no. 7 (1988).

---

1. The plaintiff in his motion cites the verification rule as Pa.R.C.P. (a), (b), and in his brief as Pa.R.C.P. 1024. The court notes that the verification rule is the latter.

We will address the plaintiff's preliminary objections first. The plaintiff contends that defendant's answer and new matter to the rule to show cause why judgment should not be entered were not filed within the 20-day requirement of Pa.R.C.P. 1026(b). A rule to show cause is one that is made ex parte, directing an adverse party to show cause why an action should not be taken. *Rusbarsky v. Rock*, 324 Pa. Super. 28, 471 A.2d 107 (1984). The purpose of the rule is to permit the other person to answer and be heard before the court grants the relief sought. Standard Pennsylvania Practice 2d §15:39 (1982).

A rule to show cause was entered upon the defendants on March 21, 1991. The rule returnable date was May 23, 1991. The defendant's answer and new matter were filed on May 8, 1991. Clearly, the defendant's answer and new matter were filed before the rule returnable date, therefore we find that defendant's answer and new matter were timely filed. Accordingly, we overrule plaintiff's preliminary objection.

Next, plaintiff argues that the defendant's answer and new matter were not verified as required by Pa.R.C.P. 1024 Rule 1024(c) provides:

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for the filing of the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party." Pa.R.C.P. 1024(c), 42 Pa.C.S.

The verification required by Rule 1024 was signed by defendant's attorney, Robert J. Pasquarelli, and not by the defendant. Further, the defendant did not comply with the above section in that the verification does not state that the parties were outside of the court's jurisdiction; it does not state why the verification was not made by a party, and defendant's attorney did not set forth the source of his information.

Moreover, defendant's answer and new matter were filed on May 8, 1991, two weeks before the rule returnable date of May 23, 1991. Before dismissing a petition on the basis of a defective verification, a court should allow the petitioner to amend. *Lewis v. Erie Ins. Exchange,* 281 Pa. Super. 193, 199, 421 A.2d 1214, 1217 (1980). Accordingly, we sustain plaintiff's preliminary objection and direct the defendant to file an amended verification within 20 days.

Finally, plaintiff argues that defendant's answer and new matter raises new issues and a collateral attack on the arbitration award which are now legally barred due to the expiration of the appeal period. The plaintiff seeks to have these issues stricken for non-conformance to the law or rule of court, pursuant to Pa.R.C.P. 1017(b)(2).

The time for appeal of a common law arbitration award[2] is stated in 42 Pa.C.S. §7342(b):

"On application of a part made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order."

---

2. This dispute is governed by common law arbitration, having no evidence that the parties, either expressly or by implication, agreed to statutory arbitration. 42 Pa.C.S. §7302(a).

Any issues must be raised within 30 days of the date of arbitration award. *Elkins & Co. v. Suplee,* 371 Pa. Super. 570, 578, 538 A.2d 883 (1988). Once 30 days have passed it is mandatory that the trial court affirm the award upon application of either party. *Id.*

In the instant case no action was taken by the defendant against the arbitration award until defendant filed an answer and new matter on May 8, 1991, to plaintiff's petition to enter judgment on the arbitration award. The defendant allowed five months to lapse from the date the arbitrators issued their award on December 5, 1990, before presenting any challenge to the award.

The defendant avers in new matter that the arbitration award is invalid because the arbitrators did not have jurisdiction (§21); that the arbitrators incorrectly applied the worker's compensation laws of Pennsylvania (§22); that the plaintiff failed to comply with all the terms and provision of the policy (§23); and that the arbitrators exceeded their authority in awarding continuing benefits for medical expenses and ongoing wage loss benefits (§24, 25, 26).

Failing to file an appeal, the defendant is now attempting to use the answer and new matter to a rule to show cause why judgment should not be entered to relitigate issues that have been or should have been litigated before the arbitration panel. The defendant's use of the answer and new matter to a rule to show cause is an improper procedural challenge to the arbitration award, therefore, we sustain plaintiff's preliminary objection to paragraphs 21, 22, 23, 24, 25, 26 of defendant's answer and new matter.

Moreover, an appeal filed beyond the 30-day appeal period raises a jurisdictional question. A late filing of an appeal is nevertheless a jurisdictional matter which

may even be raised by the court itself. *In re Kemmerer,* 46 Pa. Commw. 455, 405 A.2d 1108, 1109 (1979). The failure to file a timely appeal deprives an appellate court of jurisdiction to hear the appeal. *220 Partnership v. City of Philadelphia,* 129 Pa. Commw. 300, 304, 565 A.2d 518, 520 (1989), *alloc denied,* 581 A.2d 577 (1990). The defendant is attempting by means of answer and new matter to collaterally attack the arbitration award and hearing long after the time for appeal has run. However, the defendant's failure to timely file an appeal deprives this court of jurisdiction to hear the appeal.

We will not address defendant's preliminary objections to plaintiff's preliminary objections wherein the defendant argues that the averments in paragraphs six and seven of plaintiff's preliminary objections are affirmative defenses that should not be raised by preliminary objections because our determination of plaintiff's preliminary objections are dispositive of this matter. Accordingly, defendant's preliminary objections are overruled.

In accordance with the foregoing, we hereby make the following

## ORDER

And now, August 9, 1991, it is hereby ordered that the plaintiff's preliminary objections in the form of a motion to strike defendant's answer and new matter on timeliness, pursuant to Pa.R.C.P. 1026(b) is overruled; the plaintiff's preliminary objection for failure to verify in accordance with Pa.R.C.P. 1024 is sustained and defendant has 20 days from the date of this order within which to file an amended verification that com-

plies with the requirements of Pa.R.C.P. 1024; the plaintiff's preliminary objections to non-compliance with Pa.R.C.P. 1017(b)(2) is sustained and paragraphs 21, 22, 23, 24, 25 and 26 of defendant's new matter is stricken. The defendant's preliminary objections to plaintiff's preliminary objections seeking to strike the averments in paragraphs six and seven are overruled.