J-A32028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R4CGM UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 WITHOUT REMORSE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| TOM MEISTER OR OCCUPANTS, | |
| Appellant | No. 3493 EDA 2013 |

Appeal from the Judgment Entered November 13, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): No. 12-7435

BEFORE: PANELLA, OLSON AND FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 08, 2015**

Appellant, Tom Meister, appeals from the judgment entered on November 13, 2013. We dismiss the appeal.

The procedural history of this case is as follows. On February 21, 2007, Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint in mortgage foreclosure. Appellant failed to file an answer to the complaint and, on June 1, 2007, judgment was entered *in rem* in favor of Deutsche Bank. On July 20, 2012, Deutsche Bank purchased the subject

_____
* Former Justice specially assigned to the Superior Court.

property at a sheriff's sale. The sheriff's deed was issued on August 9, 2012. That deed was duly recorded on August 14, 2012.

Deutsche Bank filed the instant ejectment action on August 29, 2012. Appellant failed to file an answer and, on February 27, 2013, judgment was entered in favor of Deutsche Bank. On May 31, 2013, Appellant filed a motion to open the judgment, which was granted on July 30, 2013. Appellant thereafter filed an answer and new matter. On September 5, 2013, Deutsche Bank filed a motion for summary judgment which was granted on November 13, 2013. Appellant filed this timely appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

On March 18, 2014, Appellant filed an emergency motion to stay ejectment. The trial court denied the motion on March 25, 2014. Appellant did not seek a stay from this Court. After two unsuccessful attempts at ejectment, Appellant was finally ejected from the subject property on October 21, 2014. After the ejectment, Deutsche Bank filed an application to dismiss this appeal as moot. Appellant filed a response and we deferred disposition until after oral argument.

Appellant presents one issue for our review:

> Upon a concocted but not actual [s]heriff's [d]eed [p]oll appended to [Deutsche Bank's c]omplaint, should the Court of Common Pleas [of Delaware County] be reversed per its grant of summary judgment when the [c]omplaint is void *ab initio* by that appendment pursuant to [Pennsylvania Rule of Civil Procedure] 1054(b)?

Appellant's Brief at 9.

We first address Deutsche Bank's application to dismiss this appeal. As this Court has recently explained:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re M.B.*, 101 A.3d 124, 127 (Pa. Super. 2014) (citation and ellipses omitted; emphasis removed).

Deutsche Bank argues that this case is moot because the ejectment has already occurred and, therefore, we could not give effect to an order reversing the trial court. In reply, Appellant argues that we could permit him to reenter the subject property and, therefore this case is not moot. Alternatively, he contends that if this appeal is moot, we may still reach the merits as it is an important question capable of repetition without appellate review.

We find instructive the decisions of this Court in *Wolf v. Long*, 468 A.2d 508 (Pa. Super. 1983) (*per curiam*), and *Am. Mut. Liab. Ins. Co. v. Zion & Klein, P.A.*, 466 A.2d 679 (Pa. Super. 1983). In *American Mutual*, a landlord filed an ejectment action against a tenant. *Id.* at 679.

- 3 -

The district justice entered judgment in favor of the landlord. *Id.* at 679-680. The court of common pleas dismissed the writ of certiorari as moot because the tenant had vacated the premises. *Id.* at 680. The tenant then appealed to this Court. This Court agreed with the court of common pleas that the issue had become moot because the tenant had vacated the premises. *Id.* at 680-681. Specifically, this Court noted that "[o]nce the court found that possession had been given up, no purpose could be served in passing upon the correctness of the proceedings before the district justice." *Id.* Thereafter in *Wolf*, we applied the same reasoning to dismiss an appeal where a tenant had vacated the property during the course of the appeal. *Wolf*, 468 A.2d at 509.

At oral argument, Appellant attempted to distinguish *American Mutual* and *Wolf* in two respects. First, he argued that the cases are distinguishable because they involved tenants who left "voluntarily." We find this distinction unpersuasive. It is not the voluntary or involuntary nature of the departure that renders a case moot. Instead, it is the fact that the departure and vacancy occurred that moots the case. Furthermore, when judgment has been entered against a party and that party is ordered to vacate the premises, the ensuing departure is not voluntary. Although no force may have been used, as was required in the instant case, it was the judgment of the court that prompted the tenants to leave.

- 4 -

Next, Appellant argues that **American Mutual** and **Wolf** are distinguishable because they involved a landlord seeking to eject a tenant while the instant case centers on an ejectment action brought by a mortgage holder. We also find this distinction unpersuasive. Appellant conceded at oral argument that he is not challenging the sheriff's sale. Deutsche Bank is currently the owner of the subject property. Thus, Appellant has no right to inhabit the subject property. It is no different than a landlord-tenant case as Deutsche Bank has full title to the subject property and can exclude anyone it wishes from entering on that property, just like a landlord can. It is for this reason that we are unable to grant Appellant the relief he seeks. Even if we were to find that the judgment in ejectment should not have been entered, we cannot force Deutsche Bank – the current lawful property owner - to permit a trespasser to occupy the subject property. It is fully within Deutsche Bank's rights to refuse Appellant entry onto the subject property. Accordingly, we conclude that this case is moot.

Having determined that this case is moot, we turn to whether one of the exceptions to mootness applies. We conclude that none of the exceptions apply. In **American Mutual**, this Court found that an ejectment action does not raise a question of great public importance. **See American Mutual**, 466 A.2d at 681 (citation omitted). Furthermore, the question is not one capable of repetition and apt to elude appellate review. Appellant admitted at oral argument that he failed to seek a stay from this Court. Any litigant

could ensure appellate review by seeking a stay from this Court. Finally, Appellant will suffer no detriment by our failure to reach the merits of this appeal. As noted above, this Court cannot give Appellant any relief. Furthermore, there are no collateral consequences stemming from the ejectment. Accordingly, we conclude that this issue does not fall into any of the three enumerated exceptions to mootness and we must dismiss this appeal.

Even if we were to reach the merits of Appellant's sole issue on appeal, we would conclude that he is not entitled to relief. His argument is essentially that the failure to attach the sheriff's deed to the complaint rendered the trial court without jurisdiction to entertain the ejectment action. In support of this argument, he cites to Pennsylvania Rule of Civil Procedure 1054(b), which provides that in an ejectment action, "A party shall set forth **in the complaint** or answer **an abstract** of the title upon which the party relies at least from the common source of the adverse titles of the parties." Pa.R.C.P. 1054(b) (emphasis added).

Appellant cites to **Wells Fargo Bank, N.A. v. Long**, 934 A.2d 76, 78 (Pa. Super. 2007), for the proposition that Rule 1054(b) requires that the sheriff's deed be attached to a complaint seeking ejectment. Appellant's characterization of **Long** is incorrect. **Long** merely holds that an ejectment action cannot be filed until a sheriff's deed has been recorded. **See id.** at

77-81. Specifically, in **Long** the ejectment complaint was filed in November 2005 while the sheriff's deed was not recoded until January 2006. **Id.** at 77.

The plain language of Rule 1054(b) only requires that a plaintiff plead **in the complaint** "an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties." Pa.R.C.P. 1054(b) (emphasis added). The use of the term "in the complaint" supports the conclusion that the required information be in the complaint, not an attachment. Moreover, this Court has defined the term 'abstract', as it is used in Rule 1054(b), as "a compilation in an **abridged form** of the record of the vendor's title; it is a **summary** of the most important parts of the deeds and other instruments comprising the evidences of title, arranged in chronological order, and intended to show the original source and incidents of title." **Busin v. Whiting**, 535 A.2d 1078, 1080 (Pa. Super. 1987), *rev'd on other grounds*, 570 A.2d 508 (Pa. 1989) (emphasis added). Therefore, a mere summary in the body of the complaint satisfies the Rule 1054(b) requirements.

In this case, Deutsche Bank satisfied the Rule 1054(b) requirements in its complaint. **See** Complaint, 8/29/12, ¶¶ 2-3. Moreover, our review confirms that the record is free of genuine issues of material fact and that Deutsche Bank is entitled to judgment as a matter of law. It is undisputed that the sheriff's deed was recorded on August 14, 2012, and that Deutsche Bank's ejectment complaint was filed on August 29, 2012. Deutsche Bank

clearly had an immediate right to possession of the property after August 14, 2012, and was therefore entitled to relief in the form of ejectment as a matter of law. Accordingly, even if this appeal were not moot, Appellant would not be entitled to relief.

Appeal dismissed.

Fitzgerald, J. joins this memorandum.

Panella, J. concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2015