Epstein *v.* Pincus, Appellant.

Argued May 2, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

Ronald N. Rutenberg, with him Rutenberg, Rutenberg, Rutenberg & Rutenberg, for appellant.

Abraham L. Hodes, with him Isadore S. Wachs, for appellee.

OPINION PER CURIAM, November 17, 1972:

The appellant Stanford Pincus was a fifty percent shareholder of a corporation engaged in the business of purveying wholesale foods in the Philadelphia area. On February 18, 1971, he and the other shareholders entered into an agreement of sale of that corporation, McCray & Hunter, Inc., to the appellee Edward Epstein, the latter paying $500 in cash for all stock, agreeing to assume the existing liabilities of the corporation, and promising to hold Stanford Pincus harmless on a bank note on which both Pincus and the corporation were liable. Appellant Pincus in turn promised not to compete with McCray & Hunter, Inc., for a period of one year thereafter.

On September 9, 1971, Edward Epstein brought a bill in equity, asking that Stanford Pincus be enjoined from competing with McCray & Hunter, Inc., and asking that money damages be awarded. A hearing was held on October 12, 1971, before the late Judge SLOANE in Philadelphia on the agreement of the parties that the proceeding would be a final hearing on the question on injunctive relief but not on the issue of money damages. The lower court entered a decree nisi on October 27, 1971, enjoining the appellant Pincus from competing with McCray & Hunter, Inc., but reserving a determination of damages until a later hearing. Exceptions

to that decree were filed and argued before Judge SLOANE, sitting alone as the court *en banc,* and the decree was made final on December 21, 1971. An appeal was taken to this Court under the Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, Art. II, §202, 17 P.S. §211.202(4).

We must note of our own motion that the appeal now before us was mooted prior to oral argument of the case. The decree appealed from reads as follows:

"1. (a) Defendant is enjoined anywhere in Philadelphia from competing with Plaintiff and from soliciting or dealing with any of Plaintiff's accounts (customers) no matter where the accounts (customers) are located.

"(b) This Injunction shall continue *until and including February 22, 1972.*

"2. Plaintiff, upon proper proof, shall be entitled to proper damages and resultant financial loss by reason of Defendant's violation of his 'covenant not to compete.' " (Emphasis added.) It is apparent, therefore, that since February 22, 1972, the appellant has not been subject to a court order not to compete; the appeal is clearly moot.

We add parenthetically that we do not read paragraph 2 of the decree, supra, as being more than a statement of intent to adjudicate the question of damages at some point in the future, and that we do not intend by this disposition to foreclose the appellant from appealing any money judgment which may be entered against him at a later date.

Appeal dismissed. Costs on appellant.