364 A.2d 326

**Lawrence H. CURRY, Appellant,**

v.

**A. Russell PARKHOUSE et al.**

Supreme Court of Pennsylvania.

Argued March 29, 1976.

Decided Oct. 8, 1976.

Nix, J., dissented and filed opinion.

Manderino, J., dissented and filed opinion.

Sheldon W. Farber, Norristown, for appellant.

Roger B. Reynolds, Sol., Joseph Smyth, Asst. Sol., Norristown (Withdrawn), for appellees.

Howard M. Holmes, Asst. Atty. Gen., for Attorney General Robert Kane.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

In 1975, appellant, a candidate for election as a Commissioner of Montgomery County, instituted an action in the Court of Common Pleas of Montgomery County against the County Board of Elections seeking injunctive and declaratory relief to the end that certain provisions of the Absentee Ballot Law, Act of December 6, 1975, P.

L. 1405, No. 301, *as amended*, 25 P.S. § 3146.1 *et seq.* (Supp.1976–77), be held invalid under the United States and Pennsylvania Constitutions. This appeal stems from an order of the court of common pleas dismissing the complaint and dissolving a preliminary injunction that restrained the Elections Board from distributing ballots issued pursuant to the statute.[1]

We are met at the threshold with the trial court's view that appellant lacks sufficient standing to maintain this action. See *Kauffman v. Osser*, 441 Pa. 150, 271 A.2d 236 (1970). However, we reach neither the merits of this appeal nor the standing issue because we conclude that appellant's victory in the 1975 general election renders the case moot;[2] any possibility of appellant suffering an injury because of the alleged unconstitutionality of the statute has been obviated. Absent extraordinary circumstances, this Court has long held that moot questions will not be decided. See *Epstein v. Pincus*, 449 Pa. 191, 296 A.2d 763 (1972); *Meyer v. Strouse*, 422 Pa. 136, 221 A.2d 191 (1966); *cf.* Pa.R.A.P. 1972. This appeal does not present an extraordinary situation, as where the question is capable of repetition yet evading

1. Appellant's brief does not allege any specific ground for this Court's jurisdiction. Section 202(2) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(2) *as amended*, 17 P.S. § 211.202(2) (Supp.1976–77), provides, however, that direct appeal shall lie in this Court in cases involving "[t]he right to public office." In *Smethport Area School District v. Bowers*, 440 Pa. 310, 317, 269 A.2d 712, 716 (1970), we defined that phrase to include "questions of qualification, eligibility, *regularity of the electoral or appointive process* and other preconditions to the holding of a particular public office." (Emphasis added). See also *Appeal of Yerger*, 460 Pa. 537, 333 A.2d 902 (1975); *League of Women Voters v. Lower Merion Township Board of Commissioners*, 451 Pa. 26, 301 A.2d 797 (1973). Since this appeal is arguably within that definition, and because no objection to jurisdiction has been made, cf. Rule 741 of the Rules of Appellate Procedure (effective July 1, 1976), we conclude that jurisdiction of the appeal is in this Court.

2. The trial court's opinion discloses, and appellant's brief does not dispute, that appellant won office in the November, 1975 election.

review. See, *e.g., Wiest v. Mt. Lebanon School District,* 457 Pa. 166, 169 n. 1, 320 A.2d 362, 364 n. 1 (1974).

Order affirmed.

NIX, J., filed a dissenting opinion.

MANDERINO, J., filed a dissenting opinion.

NIX, Justice (dissenting).

I dissent. I cannot agree with the application of the doctrine of mootness in this instance, and I would reach the merits which I believe raise serious constitutional questions.

MANDERINO, Justice (dissenting).

I dissent. I would hold that the facts of this case present a situation that is capable of repetition, yet evading review and therefore not subject to the mootness doctrine.

In *Wiest v. Mt. Lebanon School District,* 457 Pa. 166, 320 A.2d 362 (1974), this Court concluded that where members of a graduating class attacked a commencement program as violative of the United States and Pennsylvania Constitutions, an appeal would not be dismissed when there was only a *ten day* period between the announcement of the commencement program and the commencement exercises. Although the members of the class had graduated by the time the appeal was heard, we realized that the short time period between the announcement and the exercises would otherwise effectively deny appellate review of that type of litigation.

In Wiest, supra, this Court cited *Roe v. Wade,* 410 U. S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), wherein the Supreme Court of the United States concluded that the normal *266 day* human gestation period was so short that a pregnancy would come to term before the usual

appellate process was complete. In that case, involving a woman's right to have an abortion the court concluded:

> "If termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied. Our law should not be that rigid . . . Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be 'capable of repetition, yet evading review.'" 410 U.S. at 125, 93 S.Ct. at 713.

As applied to the facts in this case it is obvious that the short period of time between the placing of a candidate's name on the ballot and the actual election may be so short as to effectively foreclose appellate review of the Absentee Ballot Law. Thus, the issue of invalid absentee ballots under the Absentee Ballot Law might never be decided by this Court, unless the losing candidate instituted the action. Even in that case review would be doubtful if the situation was one wherein the losing margin was greater than the number of absentee ballots cast. In such a situation the losing candidate would face a serious hurdle of the requisite standing. As noted by the Supreme Court of the United States in *Roe,* supra: "Our law should not be that rigid."

Accordingly, I would reverse the order of the Court of Common Pleas of Montgomery County which dismissed the complaint and dissolved the preliminary injunction.