444 A.2d 637

**PENNSYLVANIA COAL MINING ASSOCIATION, et al., and Keystone Bituminous Coal Association, et al.,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, et al., Appellants at Nos. 81–1–16 and 81–1–22.**

**Appeal of PENNSYLVANIA CHAPTER OF TROUT UNLIMITED at No. 81–1–7.**

**Appeal of PENNSYLVANIA ENVIRONMENTAL COUNCIL, INC., et al. at No. 81–1–71.**

Supreme Court of Pennsylvania.

Argued March 1, 1982.

Decided April 21, 1982.

Patrick C. McGinley, Katherine H. Fein, Pittsburgh, for Pennsylvania Chapter of Trout Unlimited.

Douglas R. Blazey, Chief Counsel, Dept. of Environmental Resources, James D. Morris, Asst. Atty. Gen., Harrisburg, for Dept. of Environmental Resources.

Steven L. Friedman, Dilworth, Paxson, Kalish & Levy, Thomas J. Elliott, Stephen C. Braverman, Timothy W. Callahan, Philadelphia, for Pa. Coal Min. Ass'n, et al.

Henry McC. Ingram, Thomas C. Reed, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, for Keystone Bituminous Coal Ass'n, et al.

## OPINION

NIX, Justice.

On November 11, 1980, the Pennsylvania Coal Mining Association (PCMA), Sunbeam Coal Corporation, and West Freedom Mining Corporation filed a petition for review in the Commonwealth Court in the nature of a complaint in equity seeking to enjoin the appellants, Department of Environmental Resources, et al., (DER) from submitting a State Program to the Office of Surface Mining of the Department of Interior (OSM) under the Federal Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.* (1977). The State Program was to be effective when approved by

OSM. A similar petition for review was filed by the Keystone Bituminous Coal Association and member companies on November 12, 1980. The two actions were consolidated by the Commonwealth Court.

Pennsylvania Coal Mining Association and Keystone Bituminous Coal Association moved for a preliminary injunction on November 13, 1980. A hearing was held in the Commonwealth Court on November 20, 1980. On the day of the hearing appellants, Pa. Chapter of Trout Unlimited (Trout Unlimited), Pa. Environmental Council, Inc., The Pa. Federation of Sportsmen's Clubs, The Pa. Chapter of the Sierra Club and Wyona Coleman filed an application for leave to intervene. After the hearing on November 20, 1980, the application for leave to intervene was denied. The order of November 20, 1980 did not name Trout Unlimited in its denial. Subsequently, the court amended its order denying Trout Unlimited leave to intervene.

An injunction was granted on November 26, 1980 enjoining DER from submitting a State Program to OSM until the completion of federal judicial review of the Federal Act and Permanent Program regulations. The order, however, did not prohibit DER from continuing to attempt to develop a State Program which met the requirements of the Federal Act during the term of that order. Moreover, the order of November 26, 1980 was limited under its terms to a period of one year from that date.

On December 4, 1980 DER filed an application for a stay of the preliminary injunction. The application for stay was denied on December 6, 1980. DER moved to implement the existent State Program on December 15, 1980. PCMA and Keystone, asserting that this was a violation of the November 26, 1980 order, sought enforcement of that earlier order from the Commonwealth Court. On February 13, 1981, the court issued a second order reaffirming its order of November 26, 1980 and further providing that during the one-year period established in the November 26, 1980 order the DER was restrained from enacting, implementing or enforcing the State Program or amendments thereto. Both orders

expired on November 26, 1981 and on January 25, 1982, DER submitted its primary program to OSM for approval.

We presently have before us two appeals. DER challenges the propriety of the November 26, 1980 and the February 13, 1981 orders. The second appeal is being brought by Trout Unlimited attacking the Commonwealth Court's ruling denying them the right to intervene. Trout Unlimited argues that their interests were not adequately represented by the DER.

We agree with appellees that both of these appeals must be dismissed for mootness. DER is no longer restrained by the Commonwealth Court's orders of November 26, 1980 and February 13, 1981. These orders by their own terms expired on November 26, 1981. No purpose is presently served by passing upon the legitimacy of orders that at this point have no legal force and effect. *Epstein v. Pincus*, 449 Pa. 191, 296 A.2d 763 (1972). We are not here faced with the situation where the likelihood of repetition is present as was the concern in *Colonial Gardens Nursing Home, Inc. v. Bachman*, 473 Pa. 56, 373 A.2d 748 (1977); *see also Devlin v. Osser*, 434 Pa. 408, 254 A.2d 303 (1969). Nor does this record reflect the possibility of a residual effect that occasioned the refusal to find mootness in *Trilog Associates, Inc. v. Famularo*, 455 Pa. 243, 314 A.2d 287 (1974).

The same conclusion must be reached in the appeal of Trout Unlimited, the would-be intervenors. Since the questions raised in the original appeal are moot, there is no case in controversy in which to allow intervention. An intervenor must take the litigation as he finds it. Because the issue that Trout Unlimited seeks to address has been determined at this point non-justiciable, a discussion of their rights during the effective period of those orders would be purely academic and advisory. *Tremont Township School District v. Western Anthracite Coal Co.*, 381 Pa. 276, 113 A.2d 234 (1955); *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Co.*, 366 Pa. 149, 76 A.2d 867 (1950); *Northampton*

*Trust Co. v. Northampton Traction Co.,* 270 Pa. 199, 112 A. 871 (1921).

These appeals are dismissed.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; the issues are not moot. We should reach the merits of the controversy. *See Colonial Gardens Nursing Home, Inc. v. Bachman,* 473 Pa. 56, 373 A.2d 748 (1977).