# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                :
             Petitioner    :
                           :
          v.              :
                           :
State Civil Service Commission  :
(Pennsylvania Department of    :
Labor and Industry),         :   No. 621 C.D. 2015
              Respondent  :   Submitted: January 2, 2019

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                   FILED:  February 11, 2019

Sean M. Donahue (Donahue) petitions this Court pro se for review of the State Civil Service Commission's (SCSC) March 19, 2015 order removing Donahue's name from any and all eligible lists certified to the Pennsylvania Department of Labor and Industry for the position of Disability Claims Adjudicator Trainee for a period of three years retroactive to September 25, 2014.  Because the three years expired on September 25, 2017, and this Court does not issue advisory opinions, the appeal is dismissed as moot.

Initially,

> [t]he mootness doctrine requires an actual case or controversy to exist at all stages.

> > It is a well-established principle of law that this Court will not decide moot questions.  The articulation of the mootness doctrine . . . was acknowledged in our decision in *In re Gross*, . . . 382 A.2d 116 ([Pa.] 1978) as follows:

> > > The problems arise from events occurring after the lawsuit has gotten under way–changes in the facts or in the law–which allegedly deprive the litigant of the necessary stake in the outcome.  The mootness doctrine requires that 'an actual

controversy must be extant at all stages of review. . . .'  G. Gunther, Constitutional Law 1578 (9th ed. 1975).

[*Gross*], 382 A.2d at 119.  An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.

*In re Cain*, . . . 590 A.2d 291, 292 ([Pa.] 1991).

*Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cty.*, 32 A.3d 639, 651 (Pa. 2011).  Further,

[the Pennsylvania Supreme] Court has repeatedly recognized two exceptions to the mootness doctrine: (1) for matters of great public importance and (2) for matters capable of repetition, which are likely to elude review. Moreover, we have found this exception applicable where a case involves an issue that is important to the public interest or where a party will suffer some detriment without a court decision.

*Pilchesky v. Lackawanna Cty.*, 88 A.3d 954, 964-65 (Pa. 2014) (citation omitted).

Donahue timely filed his petition for review with this Court on April 17, 2015, at which time the appeal was ripe for review.  However, beginning on June 27, 2015, Donahue filed numerous applications seeking to stay the briefing schedule in this matter until after disposition of criminal charges filed against him (Applications), all of which this Court granted (conditioned upon the filing of status reports).[1]  By August 27, 2018 order, this Court vacated the stay, stating:

[I]t is apparent that this case has been stayed for a period of three years to allow [Donahue] to seek appellate review of a related proceeding in Dauphin County at Case Number CP-22-CR-0003716-2015.  It is also apparent that all appeals have been exhausted as the United States Supreme Court

_____

[1] The June 27, 2015 Application was granted on July 22, 2015; the August 14, 2015 Application was granted on August 17, 2015; and the stay was continued by this Court's orders dated  October 27, 2015, March 14, and August 24, 2016, January 17, June 27, and November 20, 2017, and July 10, 2018.

2

denied [Donahue's] petition for rehearing of the denial of writ of certiorari on August 6, 2018.

To the extent [Donahue's] most recent status report seeks to continue the stay of this action pending disposition of 'collateral appeals,' it does not appear that the appeals have a direct impact on the instant petition for review. Under the circumstances, a stay of this action is no longer necessary and the stay is hereby vacated.

August 27, 2018 Order at 1.

Under the mootness doctrine, 'an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.' *Pub. Defender's Office of Venango* [*Cty.*] *v. Venango* [*Cty.*] *Court of Common Pleas*, . . . 893 A.2d 1275, 1279 ([Pa.] 2006) [(quoting *Pap's A.M. v. City of Erie*, . . . 812 A.2d 591, 599-600 ([Pa.] 2002))]. The existence of a case or controversy requires 'a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication. . . .' *City of Phila*[.] *v.* [*Se. Pa. Transp. Auth.*], 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007).

*Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010). Further,

[i]t is well settled that the courts 'do not render decisions in the abstract or offer purely advisory opinions.' *Pittsburgh Palisades Park, LLC v. Commonwealth*, . . . 888 A.2d 655, 659 ([Pa.] 2005). Judicial intervention 'is appropriate only where the underlying controversy is real and concrete, rather than abstract.' *City of Phila*[.] *v. Commonwealth*, . . . 838 A.2d 566, 577 ([Pa.] 2003).

*Harris*, 982 A.2d at 1035. "The key inquiry in determining whether a case is moot is whether the court . . . will be able to grant effective relief and whether the litigant has been deprived of the necessary stake in the outcome of the litigation." *Consol Pa. Coal Co., LLC v. Dep't of Envtl. Prot.*, 129 A.3d 28, 39 (Pa. Cmwlth. 2015).

Here, the SCSC's March 19, 2015 order, by its own terms, expired on September 25, 2017. Thus, Donahue is no longer restrained by the order, and "[n]o

3

purpose is presently served by passing upon the legitimacy of [an] order[] that at this point ha[s] no legal force and effect." *Pa. Coal Mining Ass'n v. Dep't of Envtl. Res.*, 444 A.2d 637, 638 (Pa. 1982). "We are not here faced with the situation where the likelihood of repetition is present . . . ." *Id.* "Nor does this record reflect the possibility of a residual effect that [would] occasion[] the refusal to find mootness . . . ." *Id.* Accordingly, this Court holds Donahue's appeal is moot.

For all of the above reasons, Donahue's petition for review is dismissed as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, : 
                Petitioner : 
                      : 
          v. : 
                      : 
State Civil Service Commission : 
(Pennsylvania Department of : 
Labor and Industry), :    No. 621 C.D. 2015
                Respondent : 

PER CURIAM                           O R D E R

       AND NOW, this 11th day of February, 2019, Sean M. Donahue's petition for review of the State Civil Service Commission's March 19, 2015 order is dismissed as moot.