J-A18003-24
J-A18004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COURTNEY COX, DIANE COX, AND CORDELIA KOHLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. DAUER JR., AND MARY DAUER COLVILLE, AS PERSONAL REPRESENTITIVES OF THE ESTATE OF MERCEDES M. DAUER; AND EMPIRE ASSOCIATES | : | No. 1093 WDA 2023 |
| | : | |
| Appellants | : | |
| | : | |
| AND | : | |
| | | |
| ROBERTA COX MCCLOSKEY | | |

Appeal from the Order Entered December 16, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-008698

| | | |
|---|---|---|
| COURTNEY COX, DIANE COX, AND CORDELIA KOHLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. DAUER JR. AND MARY DAUER COLVILLE, AS PERSONAL REPRESENTITIVES OF THE ESTATE OF MERCEDES M. DAUER, AND EMPIRE ASSOCIATES | : | No. 1097 WDA 2023 |
| | : | |
| AND | : | |
| | : | |
| ROBERTA COX MCCLOSKEY | | |

Appellant

J-A18003-24
J-A18004-24

Appeal from the Order Entered December 16, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-008698

BEFORE:  OLSON, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: December 9, 2024**

In these consolidated matters,[1] Appellants, Robert E. Dauer, Jr. and Mary Dauer Colville, as personal representatives of the Estate of Mercedes M. Dauer ("the Estate"), Empire Associates, and Roberta Cox McCloskey ("McCloskey") (collectively, "Appellants"), appeal from the December 16, 2022 order entered in the Court of Common Pleas of Allegheny County that granted partial summary judgment in favor of Courtney Cox, Diane Cox, and Cordelia Kohler (collectively, "Cox").[2]  After careful review, we quash the appeal and remand the cases for further proceedings.

_____

[1] For ease of disposition, we consolidated, *sua sponte*, the appeals filed with this Court at 1093 WDA 2023 and 1097 WDA 2023.

[2] The notice of appeal filed by the Estate and Empire Associates, as well as the notice of appeal filed by McCloskey, purport to appeal from the September 7, 2023 order that denied McCloskey's motion to reconsider and vacate a November 29, 2022 order, which granted partial summary judgment in favor of Cox.  An appeal properly lies from an order granting a motion for summary judgment and not from the order denying a motion for reconsideration.  ***Erie Insur. Exch. v. Larrimore***, 987 A.2d 732, 743 (Pa. Super. 2009).  As discussed *supra*, the trial court, in the case *sub judice*, timely amended the November 29, 2022 order on December 16, 2022.  Thereafter, the period for reconsideration or appeal of the December 16, 2022 order expired. Appellants' appeal must be viewed as taken from the December 16, 2022 order, which adjudicated Cox's motion for summary judgment and awarded Cox partial summary judgment.  ***See id.***  The captions have been corrected accordingly.

- 2 -

As the trial court explained, Courtney Cox, Diane Cox, Cordelia Kohler, and Roberta Cox McCloskey "are the four daughters of the late Roberta McSorley Cox[.]" Trial Court Opinion, 12/29/23, at 1. Roberta McSorley Cox "was one of the two original partners to [Empire Associates], the other having been [Mercedes M. Dauer.]"[3] *Id.* at 1-2. "When [Roberta McSorley Cox] passed away, she devised her 49.4% interest in Empire [Associates] to her four daughters in the following amounts: [Courtney Cox, Diane Cox, and Cordelia Kohler] collectively received a 44.46% interest in Empire [Associates], and McCloskey received a 4.94% interest." *Id.* at 2. "[Empire Associates] was a general partnership formed in 1977 that primarily engaged in the business of owning, operating, and leasing the commercial and residential real estate [in Pittsburgh, Pennsylvania] known as Cathedral Mansions." *Id.*

> On September 25, 2002, [Mercedes M. Dauer and Roberta McSorley Cox] entered into an Amended and Restated Partnership Agreement (the "Partnership Agreement") regarding Empire [Associates]. At this time, the version of the Pennsylvania Uniform Partnership Act ("PUPA") in effect provided that a general partnership would dissolve by operation of law in the event of any partner's death (the "death dissolution mechanism"). *See* 15

---

[3] "When this action was first initiated, [Mercedes M. Dauer] was directly named as a defendant. [Mercedes M. Dauer] passed away, however, on November 24, 2019, approximately five months after the action began, prompting [Cox] to redirect [the] claims towards [the Estate. ]Robert E. Dauer, Jr. and Mary Dauer Colville, two of [Mercedes M. Dauer's] children, are the co-[executors] of [the Estate] and her personal representatives." Trial Court Opinion, 12/29/23, at 2 n.1.

- 3 -

Pa.C.S.A. § 8353(4) [(effective Oct. 1, 1989, to Feb. 20, 2017).[4]] Article XI of the Partnership Agreement, however, established that Empire[ Associates'] surviving partners had the right to continue Empire [Associates] after a partner's death if:

> (i) the deceased partner's interest in [Empire Associates] passes by testamentary disposition or intestate succession to one or more Permitted Transferees[FN3] and (ii) such Permitted Transferee or Permitted Transferees execute and deliver to [Empire Associates] an addendum to [the Partnership] Agreement, agreeing to be bound by all the terms and provisions hereof[.]
>
>> [Footnote 3:] "Permitted Transferees" under the Partnership Agreement included "Empire [Associates], a partner, a partner's spouse, her or his issue, a spouse of her or his issue, or a trust for the exclusive benefit of any of the foregoing individuals, but only if the power to vote the partnership interest is vested in one or more of the foregoing individuals." It is undisputed that all parties involved here are Permitted Transferees, and that only Permitted Transferees were in receipt of [Roberta McSorley Cox's devised] partnership interest.

Partnership Agreement at Art. XI, [§] 11.2. Article VIII [of the Partnership Agreement] mandated that several procedures would occur in the event of a partner's death[. These procedures] included, *inter alia*, requiring that a majority in interest of the partners would designate one partner to serve as Empire[ Associates'] manager (*i.e.*, the "Managing Partner") (***see*** [Partnership Agreement] at Art. VIII, [§] 8.2), and requiring a majority in interest of the successor interest holders would appoint what is effectively an overseer for that [Managing Partner] (*i.e.*,

---

[4] Section 8481 of the Pennsylvania Uniform Partnership Act of 2016 removed "death of a partner" as an event causing dissolution. ***See*** 15 Pa.C.S.A. § 8481 (effective Feb. 21, 2017).

the "Reviewing Partner") (*see* [Partnership Agreement] at [§] 8.5).[FN5, 5]

> [Footnote 5:] The Reviewing Partner was not necessarily a "partner" as that term was used in Section 10.2 and elsewhere [in the Partnership Agreement. The] Partnership Agreement did not indicate that the Reviewing Partner had to possess a partnership interest, execute the aforementioned addendum, or be admitted as a partner. Still, the Reviewing Partner's signature was required for the Managing Partner to create any bank accounts on behalf of Empire [Associates] or to issue checks on those accounts.

On July 24, 2016, [Roberta McSorley Cox] passed away, leaving a will that devised her interest in Empire [Associates] to her four daughters [as set forth *supra*. The] daughters came to formally possess their respective portions of this interest [on] July 19, 2018. After receiving their partnership interests, the four daughters elected [] Courtney Cox from amongst themselves to serve as Reviewing Partner.[6] Neither Courtney [Cox] nor any of

_____

[5] The election of a "Managing Partner" and a "Reviewing Partner" was not triggered until "the death or permanent incapacity of either Mercedes M. Dauer or Roberta McSorley Cox." ***See*** Partnership Agreement at §§ 8.2, 8.5.

[6] Section 8.5 of the Partnership Agreement stated that, "[i]f the Managing Partner is a Dauer Interest Partner, the majority in interest of the Cox Interest Partners shall elect the Reviewing Partner who shall serve in such capacity until a majority in interest of the Cox Interest Partners elects a replacement or until the Managing Partner is a Cox Interest Partner." Partnership Agreement at § 8.5. A "Dauer Interest Partner" was defined as an issue of Mercedes M. Dauer, the spouse of the issue, or a trust for the exclusive benefit of the issue or spouse who received an interest in the partnership from the partnership interest held by Mercedes M. Dauer. ***Id.*** Similarly, a "Cox Interest Partner" was defined as an issue of Roberta McSorley Cox, the spouse of the issue, or a trust for the exclusive benefit of the issue or spouse who received an interest in the partnership from the partnership interest held by Roberta McSorley Cox. ***Id.*** As such, Courtney Cox, Diane Cox, Cordelia Kohler, and Roberta Cox McCloskey were "Cox Interest Partners" upon the death of their mother, Roberta McSorley Cox, and were responsible for electing a Reviewing Partner (as discussed *supra*, Courtney Cox was elected as the Reviewing Partner) since Mercedes M. Dauer served as the Managing Partner upon the death of Roberta McSorley Cox. ***See*** Partnership Agreement at §§ 8.2, 8.5.

her siblings [] executed an addendum agreeing to be bound by the Partnership Agreement prior to [the election of Courtney Cox as the Reviewing Partner].

After becoming Reviewing Partner, Courtney [Cox] began to interact with [Mercedes M. Dauer], who was Empire[ Associates'] Managing Partner at the time. Courtney [Cox] allegedly experienced several difficulties when interacting with [Mercedes M. Dauer], such as [Mercedes M. Dauer] preventing Courtney [Cox] from accessing information that Courtney [Cox] considered necessary to perform her functions as Reviewing Partner.[FN6] These difficulties, combined with alleged misuse of Empire[ Associates'] property and funds by [Mercedes M. Dauer], prompted [Cox] to file a complaint on June 17, 2019. [Cox] asserted in [the] complaint that Empire [Associates] dissolved by operation of law because the [afore]mentioned Article XI requirements had not been fulfilled (*i.e.*, Count I), and [the Estate] possessed an interest in purchasing Empire [Associates'] assets in the wake of its dissolution that prevented [the Estate] from serving as [a] disinterested liquidator[] (*i.e.*, Count VII).[FN7] Ten days after the complaint was filed, on June 27, 2019, McCloskey executed an addendum agreeing to be bound by the Partnership Agreement[. T]o the present date, McCloskey is the only one of [Roberta McSorley Cox's] four [daughters] to execute such an addendum.

[Footnote 6: Cox] allege[s] that [Mercedes M. Dauer] prevented Courtney [Cox] from accessing relevant information in several ways[, including,] *inter alia*, changing the payment methods on certain expenses from checks to electronic [funds transfer] or other means, threatening civil penalties in response to direct communications with vendors, failing to provide or denying access to the expense accounts that checks were to be issued from, and failing to provide or denying access to the invoices that necessitated the to-be-signed-checks.

[Footnote 7: Cox] also alleged in [the amended] complaint that[: Mercedes M. Dauer] breached the Partnership Agreement by preventing [Cox] from accessing information relevant to her functions as Reviewing Partner (*i.e.*, Count II); [Mercedes M. Dauer] breached her fiduciary duties of loyalty and care (*i.e.*, Counts III and IV, respectively); [Cox is] entitled to an account of all of Empire[ Associates'] transactions from the date of dissolution (*i.e.*, Count V);

Empire [Associates] should be equitably dissolved, provided [the trial] court did not conclude it [] dissolved by operation of law (*i.e.*, Count VI); [the Estate and Empire Associates'] conduct merited issuing a preliminary injunction enjoining the continued misuse of Empire[ Associates'] assets and allowing the Reviewing Partner sweeping access to Empire[ Associates'] financial information (*i.e.*, Count VIII); [the Estate and Empire Associates'] conduct merited issuing a permanent injunction providing the same relief as that described in Count VIII (*i.e.*, Count IX); and - in the alternative, provided [the trial] court concluded that Empire [Associates] had not dissolved by operation of law and should not be dissolved as a matter of equity – [Courtney Cox, Diane Cox, and Cordelia Kohler] were, or should be deemed, partners in Empire [Associates], as that term is defined by the Partnership Agreement (*i.e.*, Count X).

On September 13, 2022, [Cox] filed a motion for partial summary [judgment], seeking declaratory relief as to Count I and the appointment of an independent liquidating receiver on Count VII. On November 29, 2022, after hearing oral arguments from the parties, [the trial] court entered an order partially granting the motion. [The trial] court reasoned that the use of parallel plural designations in Section 11.2's continuation requirements (*i.e.*, "one **or more Permitted Transferees**" and "such Permitted Transferee **or Permitted Transferees**") indicated that the surviving partners could not continue Empire [Associates] after a partner's death unless **all** the Permitted Transferees executed the aforementioned addendum. Partnership Agreement at Art. XI, [§] 11.2 (emphasis added). Since it was undisputed that [Cox] had not executed (and did not desire to execute) the addendum, [the trial] court determined that it could not be disputed that Empire [Associates] dissolved due to [Roberta McSorley Cox's] death. Accordingly, [the trial] court declared that Empire [Associates] "dissolved by operation of law," having no existence beyond what is strictly necessary to wind up the partnership's business." [***See*** Trial Court Order, 11/29/22.FN8]

[Footnote 8:] When it was originally issued, the November 29, 2022 order also provided for the appointment of an independent liquidating receiver "to [affect] the sale of the partnership's assets at the best possible price." [***See*** Trial Court Order, 11/29/22.] On December 16, 2022, however, [the trial] court [*sua sponte*] issued a subsequent order that amended the November 29, 2022 order to exclude any

- 7 -

language appointing a liquidating receiver. [*See* Trial Court Order, 12/16/22.]

On December 9, 2022, [the Estate and Empire Associates] filed a motion to reconsider the November 29, 2022 order. [Without expressly granting reconsideration within 30 days of the November 29, 2022 order, the trial] court heard arguments regarding the motion on March 23, 2023, and subsequently issued an order denying [relief] on March 27, 2023.

On May 11, 2023, McCloskey, who had regularly observed the proceedings up to this point, filed a petition to intervene in the dispute. McCloskey argued in her petition that she should be allowed to intervene because she either (1) was an indispensable party that [Cox] failed to join, or (2) had an interest in Empire [Associates] that would be affected by the determination of the dispute. [The trial] court heard arguments regarding the petition on May 19, 2023, and subsequently issued an order that same day granting the petition on the grounds that McCloskey had met the requirements for permissive intervention. The order made no determination as to whether McCloskey was to be considered an indispensable party.

Directly after [the trial] court entered its order granting her petition [to intervene], McCloskey filed a motion to vacate and reconsider the November 29, 2022 order. [The trial] court treated the reconsideration portion of the motion as granted and proceeded to hear substantive arguments as to why the order should be vacated on September 6, 2023[.[7] The trial] court issued an order the following day [(September 7, 2023)] reflecting that treatment - *i.e.*, granting reconsideration - but ultimately declined to vacate the November 29, 2022 order.

On September 14, 2023, [the Estate and Empire Associates, as well as] McCloskey[,] filed notices of appeal[,] seeking to reverse the September 7, 2023 order. The following day, [the trial] court ordered both parties to file concise statements of errors complained of on appeal[, pursuant to Pennsylvania Rule of

---

[7] The trial court did not expressly grant the May 19, 2023 motion for reconsideration filed by McCloskey. Rather, several months later in its September 7, 2023 order, the trial court "granted" the motion for reconsideration.

> Appellate Procedure 1925. T]he parties timely complied on October 3, 2023.

Trial Court Opinion, 12/29/23, at 2-7 (some footnotes, extraneous capitalization, original brackets, and some record citations omitted). The trial court issued its Rule 1925(a) opinion on December 29, 2023.

Appellants raise the following issues for our review:

1. Did the trial court's overly literal interpretation of Section 11.2 of the [Partnership] Agreement contravene the intent of the original partners to continue the partnership after their deaths, and to provide unwilling Permitted Transferees the option to sell their interests in the partnership?

2. In the alternative, should the trial court have denied summary judgment to permit the parties to offer extrinsic evidence regarding the meaning of the [Partnership] Agreement?

Appellants' Brief at 10 (extraneous capitalization).[8]

---

[8] We note that, on January 18, 2024, the Estate, Empire Associates, and McCloskey filed a joint application for consolidation of the parties' separate appeals docketed with this Court at 1093 WDA 2023 and 1097 WDA 2023. The application was filed with this Court only at one of our docket numbers, 1097 WDA 2023. On February 12, 2024, while awaiting resolution of the application for consolidation, the Estate, Empire Associates, and McCloskey filed a joint brief at both appellate dockets as though the cases had been consolidated. On March 1, 2024, in a *per curiam* order, this Court denied the application for consolidation. The March 1, 2024 order was filed only at docket number 1097 WDA 2023.

While we do not condone counsels' filing of a joint brief in this matter, in light of our decision to consolidate the appeals *sua sponte* and because a joint brief was filed at both appellate court dockets, we accept the parties' submissions.

Collectively, Appellants challenge the trial court's December 16, 2022 order[9] that granted partial summary judgment in favor of Cox and declared the partnership, Empire Associates, to be dissolved by operation of law. As a prefatory matter, however, we must examine the procedural posture of the case *sub judice* as it implicates our jurisdiction to consider Appellants' claims. **See Forrester v. Hanson**, 901 A.2d 548, 545 (Pa. Super. 2006) (stating, the issue of jurisdiction may be raised by this Court *sua sponte*); **see also Koch v. Progressive Direct Insur. Co.**, 280 A.3d 1060, 1064 (Pa. Super. 2022) (stating, the appealability of an order directly implicates this Court's jurisdiction to review the order and, as such, we may review whether an order is appealable at any time, *sua sponte*); **Krankowski v. O'Neil**, 928 A.2d 284, 285 (Pa. Super. 2007) (stating, the timeliness of an appeal implicates this Court's jurisdiction to address the merits of an appeal and may be raised *sua sponte*; we lack jurisdiction over an untimely appeal). Simply stated, this Court has jurisdiction over an appealable order where a notice of appeal has been timely filed. As such, in addressing the issue of jurisdiction in the case *sub judice*, we must make two preliminary determinations. First, we must determine if the December 16, 2022 order is an appealable order. Second, if the December 16, 2022 order is an appealable order, we must then determine

---

[9] As stated *supra*, the trial court's December 16, 2022 order amended its prior November 29, 2022 order and voided a provision that appointed an independent liquidating receiver to sell the partnership's assets. As we discuss in greater detail *infra*, Appellants' appeal properly lies from the December 16, 2022 order, and not the November 29, 2022 order.

if Appellants' notices of appeal were timely filed. We begin with the appealability of the December 16, 2022 order.

Few legal principals are as well-settled as the principal that an appeal will lie only from a final order unless otherwise permitted by statute or general rule. **Forrester**, 901 A.2d at 545, *citing* **Techtmann v. Howie**, 720 A.2d 143, 145 (Pa. Super. 1998); **see also** Pa.R.A.P. 341(a) (stating, "an appeal may be taken as of right from any final order of a government unit or trial court"); **Toth v. Toth**, ___ A.3d ___, 2024 WL 3944443, at *6 (Pa. Super. filed Aug. 27, 2024) (*en banc*) (slip opinion). Pennsylvania Rule of Appellate Procedure 341(b) defines a final order, in pertinent part, as an order that "disposes of all claims and of all parties" or an order that is entered as a final order pursuant to the trial court's express determination under Rule 341(c) that the order will "facilitate resolution of the entire case."[10] Pa.R.A.P. 341(b)(1) & (c). Alternately, Pennsylvania Rule of Appellate Procedure 311

---

[10] Pennsylvania Rule of Appellate Procedure 341(c) states,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c).

- 11 -

states, in pertinent part, that "[a]n appeal may be taken as of right and without reference to [Rule] 341(c)" from an "order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). Relevant to the claims asserted by Cox in the case *sub judice*, one such statute that affects the finality, and appealability, of an order is the Declaratory Judgment Act, codified at 42 Pa.C.S.A. §§ 7531-7541.

> Section 7532 of the Declaratory Judgment Act states,
>
> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and **such declarations shall have the force and effect of a final judgment or decree**.

42 Pa.C.S.A. § 7532 (emphasis added). Although Section 7532 provides that a declaratory judgment declaration "shall have the force and effect of a final judgment or decree," such an adjudication "does not become appealable merely because it is cast in the form of a declaratory judgment." ***Bolmgren v. State Farm Fire and Cas. Co.***, 758 A.2d 689, 691 (Pa. Super. 2000). Rather, "it is the nature of the order at issue that dictates whether it is final and appealable." ***Id.*** at 691 n.1; ***see also Schmitt v. Farm Mut. Auto. Insur. Co.***, 245 A.3d 678, 682 (Pa. Super. 2021); ***Toth***, ___ A.3d ___, 2024 WL 3944443, at *6.

- 12 -

In considering whether a declaratory judgment order is final and appealable, our Supreme Court directs appellate courts to consider "(1) what is the effect of the [trial] court's decision on the scope of the litigation; and (2) what practical effect does the [trial] court's decision have on the ultimate outcome of the case." *Pennsylvania Manufacturers' Assoc. Insur. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 399 (Pa. 2018) (*per curiam*), *citing United States Orgs. for Bankruptcy Alternatives, Inc. v. Dept of Banking*, 26 A.3d 474, 479 (Pa. 2011). Our Supreme Court further instructed that "[i]f the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable." *Pennsylvania Manufacturers'*, 188 A.3d at 400; *see also Toth*, ___ A.3d ___, 2024 WL 3944443, at *9. This test comports with our "long-standing and well-founded policy against piecemeal litigation." *Pennsylvania Manufacturers'*, 188 A.3d at 400; *see also Toth*, ___ A.3d ___, 2024 WL 3944443, at *9.

The record in the case *sub judice* reveals that, in the amended complaint, Cox asserted a claim for, *inter alia*, declaratory judgment, breach of contract, breach of duty of loyalty, breach of duty of care, and the appointment of a liquidating receiver. Amended Complaint, 1/27/20, at Counts I – IV, and VII. In support of the claim for declaratory judgment, Cox asserted,

- 13 -

48. At the time of the Partnership Agreement and at the time of Partner [Roberta McSorley Cox's] death, the default rule in Pennsylvania was that a partnership terminates upon the death of a partner.

49. The Partnership Agreement sets out the sole means by which the partnership may continue after the death of a partner in Article XI.

50. The conditions of Article XI were not met after the death of [Roberta McSorley Cox.]

51. Therefore the partnership was dissolved, no longer has any legal existence, and must be wound up for the benefit of the partner and transferees.

*Id.* at ¶¶48 – 51 (extraneous capitalization omitted). In the prayer for relief, Cox requested "that [the trial] court issue an order declaring that Empire Associates has been dissolved by operation of law, and no longer has any existence beyond what is strictly necessary to wind up the partnership's business and that an independent person be appointed to conduct the sale of the partnership's assets." *Id.* at Count I. In the cause of action that forwarded a request for the appointment of a liquidating receiver, Cox asked the trial court to "appoint a liquidating receiver to effect the sale of the partnership assets at the best possible price, and to distribute the proceeds to the partnership's creditors, partners, and permitted transferees with full account given to any amounts owed due to inappropriate distributions of

partnership assets over the life of the partnership."[11] *Id.* at Count VII (extraneous capitalization omitted).

On September 13, 2022, Cox filed a motion for partial summary judgment. At the heart of the motion, Cox requested declaratory adjudication of claims encompassing both dissolution of the partnership and liquidation of partnership assets. The motion alleged that, in view of the undisputed facts and circumstances of the case (*i.e.* the death of an original partner, the absence of a survival election under the Pennsylvania Uniform Partnership Act of 2016, and the existence of Permitted Transferees who either failed or refused to execute an addendum agreeing to be bound by the terms of the Partnership Agreement), the terms of Partnership Agreement compelled the trial court to declare **both** that the partnership must be dissolved and a liquidating receiver must be appointed to distribute partnership assets.[12]

The arguments and contentions put forward in Cox's motion for partial summary judgment confirm that she cast her requests for dissolution and

_____

[11] We note that, as part of the breach of contract, breach of duty of loyalty, and breach of duty of care causes of action, Cox requested an award of compensatory damages. Amended Complaint, 1/27/20, at Counts II – IV. Cox did not, however, seek partial summary judgment on these claims.

[12] In the motion for partial summary judgment, Cox acknowledged that the partners (the Estate and McCloskey) may wish to acquire the partnership's assets (namely, Cathedral Mansions). Motion for Summary Judgment, 9/13/22, at ¶23.

liquidation within a declaratory framework. Specifically, Cox's motion alleged, *inter alia*, that

> [t]his matter is at a head with [the Estate and Empire Associates] unilaterally blocking a transaction [to sell Cathedral Mansions] which [Cox] want[s] to explore and receive [potentially] higher offers. Granting summary judgment on Count I (declaratory judgment) and Count VII (appointment of liquidating receiver) of the amended complaint would provide the parties with a definite and appropriate legal path that would resolve the issue of how and when to sell Cathedral Mansions. The potential purchaser that made the offer to Courtney Cox has continued to be interested in purchasing Cathedral Mansions. Accordingly, [Cox] filed the instant motion for partial summary judgment. This is the only way that we can determine the true value of Cathedral Mansions - making it available for purchase to all interested bidders. If [the Estate and Empire Associates] desire to own Cathedral Mansions, they can submit their own bid.

Motion for Summary Judgment, 9/13/22, at ¶4. Since she contends that the partnership should be dissolved by operation of law, Cox also asserted that "[t]he partnership assets must be liquidated and the proceeds distributed upon dissolution of [Empire Associates.]" *Id.* at ¶22. Accordingly, Cox requested partial summary judgment on Counts I and VII. In so doing, Cox asked the trial court to declare Empire Associates dissolved by operation of law and to "appoint a liquidating receiver to [affect] the sale of [Cathedral Mansions] at the best possible price, and to distribute the proceeds[.]" *Id.* at 6-7. The Estate and Empire Associates filed a response to Cox's motion for partial summary judgment on October 13, 2022, and the trial court entertained argument on the motion on November 29, 2022.

On November 29, 2022, the trial court, upon conclusion of the hearing, granted Cox's motion for partial summary judgment as follows:

1. Empire Associates has been dissolved by operation of law, and no longer has any existence beyond what is strictly necessary to wind up the partnership's business.

2. An independent, liquidating receiver is hereby appointed to [affect] the sale of the partnership's assets at the best possible price, and to distribute the proceeds to the partnership's creditors, partners, and permitted transferees, per their respective interests, with full account given to any amounts owed due to any inappropriate distributions of partnership assets.

Trial Court Order, 11/29/22 (extraneous capitalization omitted).

On December 9, 2022, the Estate and Empire Associates filed a motion for reconsideration of the November 29, 2022 order. In their motion, the Estate and Empire Associates asserted, *inter alia*, that

25. The fact remains that [the Estate and Empire Associates] rejected the contingent original offer and contingent subsequent offer [to purchase Cathedral Mansions], mainly because they do not want to sell either the partnership or any of its assets. Moreover, [the Estate and Empire Associates] tendered an offer directly to [Courtney Cox, Diane Cox, and Cordelia Kohler] to purchase their interests in [Empire Associates] for a sum specific with an agreement to remit any additional amount if Cathedral Mansions is sold within [5] years, to which no response was received by [the Estate and Empire Associates.]

26. To be clear, [Courtney Cox, Diane Cox, and Cordelia Kohler] are bound by the procedure set forth in the [Partnership Agreement] for their intention to withdraw from Empire Associates. They have no right to demand the sale of Cathedral Mansions as a way to withdraw from Empire Associates. . . .

29. Contrary to any averments stating or inferring that [Cox has] any right to the relief requested, [Cox has] no legitimate right to request of [the trial] court for appointment of a liquidating

- 17 -

> receiver or to request a declaratory judgment dissolving the partnership.

Motion for Reconsideration, 12/9/22, at ¶¶25, 26, and 29. The trial court, in an order dated December 14, 2022, scheduled a hearing on the motion for reconsideration for March 23, 2023, but in so doing, did not expressly grant the motion for reconsideration.[13] Trial Court Order, 12/16/22.

On December 16, 2022, the trial court amended *sua sponte* its November 29, 2022 order as follows:[14]

---

[13] Because the trial court did not expressly grant the Estate and Empire Associates' motion for reconsideration, the 30-day period in which to appeal the November 29, 2022 order was not tolled by the filing of the motion for reconsideration and the period in which to appeal the November 29, 2022 order would have expired on December 29, 2022, but for the fact that the trial court subsequently amended its November 29, 2022 order on December 16, 2022, as discussed *infra*. **See** Pa.R.A.P. 1701 (stating that, the 30-day appeal period will be tolled only when the trial court expressly grants a motion for reconsideration within the time prescribed by these rules for filing a notice of appeal); **see also Schoff v. Richter**, 562 A.2d 912, 913 (Pa. Super. 1989) (stating, the trial court must expressly grant reconsideration within the allowable time period; the scheduling of a hearing on the motion for reconsideration is insufficient to toll the appeal period); **PNC Bank, N.A., v. Unknown Heirs**, 929 A.2d 219, 226 (Pa. Super. 2007) (stating, the filing of a motion for reconsideration is insufficient to toll the appeal period and allow the trial court to retain the power to act upon the motion and the original order unless the trial court expressly grants the motion for reconsideration within the allowable time period).

[14] Section 5505 of the Judicial Code permits a trial court, upon notice to the parties, to amend an order within 30 days of its entry provided no appeal from such order has been taken or allowed. 42 Pa.C.S.A. § 5505 (stating, "[e]xcept as otherwise provided or prescribed by law, a [trial] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed").

[the trial court order] dated November 29[,] 2022[,] is hereby amended to exclude the following language: "An independent liquidating receiver is hereby appointed to affect the sale of the partnership['s] assets at the best possible price, and to distribute the proceeds to the partnership['s] creditors, partners, permitted transferees, per their respective interests, with full account given to any amounts owed due to any inappropriate distributions of partnership assets."

Amended Trial Court Order, 12/16/22 (extraneous capitalization omitted). Thus, by amending its November 29, 2022 order, the trial court granted declaratory judgment in favor of Cox on Count I of the amended complaint by declaring the partnership dissolved by operation of law. By removing the portion of the November 29, 2022 order that appointed a liquidating receiver, the trial court denied declaratory relief in favor of Cox on Count VII of the amended complaint, which asked the trial court to declare that the appointment of a liquidating receiver was necessary to conclude the partnership's business and to determine what damages Cox was entitled to receive. Appellants did not file a motion for reconsideration or a notice of appeal, challenging the December 16, 2022 order.

At this juncture, the question before this Court is whether, or not, the December 16, 2022 order, which validly amended the order entered on November 29, 2022, and which granted declaratory relief pursuant to the Declaratory Judgment Act on Count I of the amended complaint but denied declaratory relief on Count VII of the amended complaint, was a final and appealable order. After careful review, we find that the December 16, 2022

- 19 -

order was not a final and appealable order but, rather, was an interlocutory order.

As discussed *supra*, Cox, in the amended complaint, sought a declaration that the partnership was dissolved by operation of law and a declaration creating a remedy in the form of the appointment of an independent liquidating receiver empowered to sell the partnership's assets and ascertain the amount to which each partner and permitted transferee would be entitled to receive upon the conclusion of the partnership's business operations. Once the trial court amended the November 29, 2022 order on December 16, 2022, however, the trial court resolved only the issue of whether the partnership was dissolved by operation of law and left unaddressed Cox's request for declaratory relief as to the appointment of an independent liquidating receiver, which directly related to a determination of damages and the conclusion of the partnership's business affairs. In so doing, the trial court did not resolve how the parties would conclude the business of the current partnership and how they would determine the amounts to be distributed to each partner or permitted transferee (*i.e.*, the damages) upon dissolution of the partnership, decisions that would ultimately affect the outcome of the case.[15] Thus, the trial court's December 16, 2022 order left

---

[15] For example, the trial court's December 16, 2022 order left open the possibility, as suggested by Cox, that the remaining partners, those being the Estate and McCloskey, would form a new partnership to buy-out the interests held by Cox. Article XII of the Partnership Agreement contemplates such a

undecided the rights and responsibilities of the willing partners (*i.e.*, the Estate and McCloskey) who might seek to continue the business affairs of the partnership (albeit, under the guise of a new partnership or other entity) and failed to declare the rights and responsibilities of the unwilling permitted transferees (*i.e.*, Courtney Cox, Diane Cox, and Cordelia Kohler) who might seek to unwind the partnership and redeem their equitable interests. In short, the December 16, 2022 order lacks the force and effect of a final determination because the buy-out terms and the exit procedures included in the Partnership Agreement essentially remain intact and offer the Estate and McCloskey many, if not all, forms of relief that they currently seek. ***See Pennsylvania Manufacturers'***, 188 A.3d at 400 (reiterating that, "[i]f the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable"); ***see also Toth***, ___ A.3d ___, 2024 WL 3944443, at *9; ***United States Orgs. for Bankruptcy Alternatives, Inc.***, 26 A.3d at 480 (finding that, an order in a declaratory judgment action that merely narrows the litigation but does not resolve all claims is an interlocutory order); ***Pennsylvania Bankers Ass'n v. Pennsylvania Dept. of Banking***, 948 A.2d 790, 799 (Pa. 2008). Therefore, we find that, while the December 16, 2022 order narrowed the scope of the

---

buy-out procedure in which those partners who wish to retain ownership of Cathedral Mansion may do so. ***See*** Partnership Agreement at Art. XII.

litigation by declaring the partnership dissolved by operation of law, it did not resolve the entirety of Cox's claim for declaratory relief. **See Pennsylvania Manufacturers'**, 188 A.3d at 400; **see also Toth**, ___ A.3d ___, 2024 WL 3944443, at *9. As such, the December 16, 2022 order is an interlocutory order and not a final appealable order. Consequently, we are constrained to quash this appeal.[16]

Moreover, assuming *arguendo* that the December 16, 2022 order was a final order, we nevertheless would be required to quash the appeal because the notices of appeal were untimely. Our alternative analysis[17] begins with the November 29, 2022 order, which declared that the partnership dissolved by operation of law and that a liquidating receiver would be appointed to conclude the partnership's business. On December 9, 2022, the Estate and Empire Associates filed a motion, asking the trial court to reconsider the November 29, 2022 order. The trial court did not expressly grant this motion for reconsideration and, therefore, the filing of the motion for reconsideration did not toll the 30-day period in which to appeal the November 29, 2022 order. **See** Pa.R.A.P. 1701 (stating that, the 30-day appeal period will be tolled only

---

[16] Since we must quash this appeal, we express no view regarding the merits of Appellants' appeal as it pertains to the construction and interpretation of the parties' partnership agreement.

[17] Given the unique and complex procedural posture of the case *sub judice*, we undertake this alternative analysis to discuss several procedural rules that are implicated by this case and, ultimately, affect the timeliness of Appellants' notices of appeal.

when the trial court expressly grants a motion for reconsideration within the time prescribed by these rules for filing a notice of appeal); *see also PNC Bank*, 929 A.2d at 226 (stating, the filing of a motion for reconsideration is insufficient to toll the appeal period and allow the trial court to retain the power to act upon the motion and the original order unless the trial court expressly grants the motion for reconsideration within the allowable time period). Instead, the trial court scheduled a hearing on the motion for reconsideration for March 23, 2023, which did not toll the appeal period. *See Schoff*, 562 A.2d at 913 (stating, the trial court must expressly grant reconsideration within the allowable time period; the scheduling of a hearing on the motion for reconsideration is insufficient to toll the appeal period).

Thereafter, on December 16, 2022, the trial court *sua sponte* amended the November 29, 2022 order, which it had the authority to do pursuant to Rule 5505 because an appeal was not pending and the amended order was issued within the 30-day period following the November 29, 2022 order. *See* 42 Pa.C.S.A. § 5505 (stating, "[e]xcept as otherwise provided or prescribed by law, a [trial] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed"). In the December 16, 2022 order, the trial court omitted the portion of the November 29, 2022 order appointing a liquidating receiver to conclude the partnership's business affairs. At this point, when the trial court entered its December 16, 2022 order, the motion for reconsideration filed by the Estate

and Empire Associates became moot because the order that the parties asked the trial court to reconsider (the November 29, 2022 order) was rescinded and modified by the December 16, 2022 order, which became the operative order that adjudicated Cox's motion for partial summary judgment.  The Estate and Empire Associates did not move to reconsider the December 16, 2022 order within the 30 days following issuance, nor did the parties file a notice of appeal of the December 16, 2022 order.  Therefore, on January 18, 2023, the 30-day period in which the Estate and Empire Associates could file a timely notice of appeal (December 16, 2022, to January 17, 2023) expired.  *See* Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").  Moreover, on January 18, 2023, the trial court no longer retained the power to reconsider or modify the December 16, 2022 order.  *See Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 918-919 (Pa. Super. 2015) (stating that, a trial court is unable to modify or rescind a final order outside of 30 days absent proof of "extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record[,] or some other evidence of extraordinary cause justifying intervention by the court" (of which, none apply in the case *sub judice*) (original quotation marks and citation

omitted)); *see also* 42 Pa.C.S.A. § 5505 (limiting a trial court's authority to modify or rescind an order to 30 days after its entry); *Gardner v. Consolidated Rail Corp.*, 100 A.3d 280, 282 (Pa. Super. 2014) (finding that, a trial court "no longer has jurisdiction to reconsider or vacate its order" when 30 days have lapsed since entry of the order). Stated simply, a timely notice of appeal challenging the December 16, 2022 order needed to have been filed on or before January 17, 2023. No timely appeal was forthcoming.

On May 19, 2023, the trial court permitted McCloskey to intervene in the legal proceedings. As an intervenor, however, McCloskey took the case as it existed on that date.[18] *Pennsylvania Coal Mining Ass'n v. Commonwealth of Pennsylvania, Dept. of Env't Res.*, 444 A.2d 637, 638 (Pa. 1982) (stating, "[a]n intervenor must take the litigation as he[, or she,] finds it"); *see also Commonwealth ex rel. Chidsey v. Keystone Mut. Cas. Co.*, 76 A.2d 867, 870 (Pa. 1950); *Appeal of Mun. of Penn Hills*, 546 A.2d 50, 52 (Pa. 1998) (reiterating "the well[-]settled doctrine that the intervenor takes the litigation as he[, or she,] finds it"). In other words, on May 19, 2023, the November 29, 2022 order had been rescinded and replaced by the December 16, 2022 order, and the period in which to file a timely motion for

---

[18] It logically flows that an intervenor must take the case as he or she finds it. Otherwise, anytime a party-defendant fails to file a timely motion for reconsideration or a notice of appeal, the party could simply find an intervenor to enter the case and achieve what the party-defendant could not do itself, which would be to challenge a final, appealable order after the expiration of 30 days.

reconsideration or an appeal challenging the December 16, 2022 order had long expired. Nonetheless, on May 19, 2023, McCloskey filed a motion to reconsider the November 29, 2022 order, an order that had been rescinded and modified by the issuance of the December 16, 2022 order. *See Beaver Valley Water Co. v. Pennsylvania Pub. Util. Comm'n*, 14 A.2d 205, 208 (Pa. Super. 1940) (stating, "[a] party litigant cannot be permitted by a motion or petition to reconsider, or hear and modify, an appealable order from which no appeal was taken within the statutory period allowed by law, to reopen the matter thus disposed of and thereby nullify the limitation for appeal fixed by statute"). Despite the fact that the November 29, 2022 order was no longer the controlling order and had been rescinded and modified by the December 16, 2022 order, that the time for filing a motion for reconsideration or an appeal challenging the December 16, 2022 order had long expired, and that the trial court no longer retained the authority to modify or rescind the December 16, 2022 order or to reinstate the November 29, 2022 order, the trial court and the parties engaged in a hearing on McCloskey's motion to reconsider the November 29, 2022 order.[19] On September 7, 2023, the trial court issued an order that "granted" McCloskey's motion for reconsideration

---

[19] Appellants assert that the trial court, in its September 7, 2023 order, reinstated the November 29, 2022 order. *See* Appellants' Brief at 7, 12. In order to "reinstate" the November 29, 2022 order, the trial court would have to first vacate the December 16, 2022 order. As discussed *supra*, the trial court no longer retained the authority to vacate the December 16, 2022 order after January 17, 2023. Therefore, the trial court was without authority to "reinstate" the November 29, 2022 order on September 7, 2023.

and "denied" her request to vacate the November 29, 2022 order. This September 7, 2023 order, however, had no legal affect and was a nullity because (1) McCloskey's May 19, 2023 motion, requesting the trial court to reconsider the November 29, 2022 order, was untimely and, therefore, the trial court was without authority to decide the motion, and (2) assuming *arguendo*, that the trial court had the authority to entertain McCloskey's motion for reconsideration, McCloskey asked the trial court to reconsider the November 29, 2022 order that had been rescinded and modified by the December 16, 2022 order. Because the November 29, 2022 order was not the controlling order at this point, the relief McCloskey sought in her motion for reconsideration lay beyond the power of the trial court to award.

Since the September 7, 2023 order was of no legal consequence in the case *sub judice*, the issuance of the order did not provide Appellants a second 30-day appeal period to challenge the December 16, 2022 order. Assuming the December 16, 2022 order was a final, appealable order, which it was not, Appellants' notices of appeal filed on September 14, 2023 were untimely. As such, we would be constrained to quash this appeal on this alternative basis.

In conclusion, the controlling order on appeal is the December 16, 2022 order that declared the partnership dissolved by operation of law but did not provide further declaratory relief in the form of the appointment of a

liquidating receiver.[20]  For the reasons discussed *supra*, we conclude that the December 16, 2022 order is an interlocutory order and not a final, appealable order.  Consequently, we quash the appeal filed by the Estate and Empire Associates, as well as the appeal filed by McCloskey, and remand the cases for further proceedings.

Appeal (1093 WDA 2023) quashed.  Appeal (1097 WDA 2023) quashed. Cases remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:12/09/2024

---

[20] Moreover, Cox's amended complaint contains claims for breach of contract, breach of loyalty and breach of care.  Those claims were not addressed by the parties or the trial court in the prosecution of Cox's motion for partial summary judgment and, therefore, remain outstanding.